MAMIE MAIORANO, as Administratrix of the Estate of FRANK MAIORANO, Deceased, Appellant, *v.* LONG ISLAND RAILROAD COMPANY, Respondent.

Negligence — railroads — motor vehicles — crossing accident — when driver of automobile not guilty of contributory negligence, as matter of law, in crossing tracks while warning bell was sounding — burden on defendant to establish contributory negligence of decedent — not conclusively established by evidence that decedent failed to look again after starting to cross — erroneous dismissal of complaint.

1. A driver of an automobile killed by being struck by a locomotive at a grade crossing is not chargeable with contributory negligence as matter of law because he attempted to cross the tracks while the warning signal was sounding, where there is evidence that he had crossed twice a day for three days during which the bell was ringing practically all of the time, so that the bell might have been out of

order, and that a locomotive at th⌐ head of a work train stood on a switch track fifty feet from the highway, the presence of which might have caused the ringing, and where in addition decedent brought his car to a complete stop sixteen feet from the first rail and looked carefully to the right and left.

2. Nor may decedent be charged with contributory negligence as matter of law by reason of the facts that at the point he stopped his car he could have seen fifteen hundred feet in the direction from which the train approached and it does not appear that he looked again in that direction after he started his car and proceeded to cross at a rate of three miles an hour. It is undisputed that the train approached at the rate of sixty miles an hour and must have traversed the distance to the crossing in about seventeen seconds and there is evidence that a view of the track may have been obscured by smoke from the work train. Many things required decedent's attention. He had to start and guide his car and watch the locomotive on the work train. The burden of establishing negligence on his part rested on defendant, and under the circumstances it was not established conclusively. A dismissal of the complaint was, therefore, error. *Maiorano* v. *Long Island R. R. Co.*, 216 App. Div. 799, reversed.

(Argued January 19, 1927; decided February 23, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 21, 1926, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*W. Burdell Banister* for appellant. The trial justice erred in dismissing the complaint, as a matter of law, at close of plaintiff's case. Plaintiff is entitled, upon appeal, to the benefit not only of all the facts proved, but also to the most favorable inferences reasonably to be drawn therefrom. (*Hogan* v. *N. Y. C. R. R. Co.*, 208 N. Y. 445; *Sackheim* v. *Pigueron*, 215 N. Y. 62; *Chamberlain* v. *Lehigh Valley R. R. Co.*, 228 N. Y. 233; *Carr* v. *Penn. R. R. Co.*, 225 N. Y. 44; *Tichnor* v. *Penn. R. R. Co.*, 208 App. Div. 461; *Druskey* v. *Schenectady R. R. Co.*, 149 N. Y. Supp. 762; *Salt City Express & Trucking Co., Inc.*, v. *N. Y. C. R. R. Co.*, 213 App.

1927.]          Opinion, per KELLOGG, J.        [244 N. Y. 387]

Div. 371.)   The deceased was not guilty of contributory negligence, and defendant was guilty of negligence. (*Chamberlain* v. *Lehigh R. R. Co.*, 228 N. Y. 233; *Carr* v. *Penn. R. R. Co.*, 225 N. Y. 44.)

*Philip A. Brennan, Matthew J. Keany* and *Joseph F. Keany* for respondent.   The evidence shows conclusively, as a matter of law, that the deceased was guilty of contributory negligence.   (*Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 67; *May* v. *New York C. & H. R. R. R. Co.*, 137 App. Div. 7; *Bonert* v. *Long Island R. R. Co.*, 145 App. Div. 552; *McSweeney* v. *Erie R. R. Co.*, 93 App. Div. 496; *Swart* v. *New York Cen. R. R. Co.*, 81 App. Div. 402; *McAuliffe* v. *N. Y. Cen. R. R. Co.*, 88 App. Div. 356; *Spencer* v. *N. Y. Cen. R. R. Co.*, 123 App. Div. 789; *Cassidy* v. *Fonda, J. & G. R. R. Co.*, 200 App. Div. 242; 234 N. Y. 599.)

KELLOGG, J.   This action was brought by the administratrix of the estate of Frank Maiorano, who was killed in a collision between an automobile, which he was driving, and a steam locomotive of the defendant, to recover damages for his death.   The question in the case is whether or not Maiorano was so clearly shown by the proof to have been contributorily negligent that a dismissal of the complaint was properly granted.

The scene of the collision was a highway crossing of the defendant's railway tracks by a highway known as Great Neck road.   The highway runs north and south. The railway tracks extend easterly and westerly.   There are three sets of parallel tracks at the crossing; an east-bound track to the south; a switch track to the north; and between these two a west-bound track.   The collision occurred on the center track.   The colliding automobile was traveling north at a slow rate.   The colliding locomotive was proceeding west at the rate of sixty miles an

hour. To the east of the highway, 135 feet distant, was the defendant's railway station. The building was 32 feet long and 20 feet high. It stood 16 feet to the south of the most southerly rail of the east-bound track. About 100 feet further east, on the same side of the track, and about the same distance therefrom, stood a freight house 25 feet long and 20 feet high. About 10 feet to the south of the freight house there was a thick grove of trees. There was a billboard to the east of the highway, and about 110 feet south of the railway tracks, which was 15 feet high and 110 feet long. The westerly end of the billboard was a short distance from the easterly edge of the highway. As Frank Maiorano drove north on Great Neck road he could have had no view of the railway to the east until he had passed the billboard 110 feet distant from the track. From then on, to a point in line with the northerly face of the station, or 16 feet from the most southerly rail, his view to the east was greatly restricted by the station, the freight house and the woods, except for a gap between these two latter objects which was not more than 10 feet wide. The evidence is undisputed that he drove his car to a point in line with the station, where he stopped it within about 16 feet of the most southerly rail and 29 feet from the first rail of the west-bound track. It is undisputed that at this point he looked, leaning over the wheel of the car, carefully to the east and to the west several times. At the time a bell was ringing at the crossing. The proof was to the effect that the bell had been ringing for the greater part of three days. On the switch track, beyond the two main tracks, and 50 feet from the highway, stood a locomotive at the head of a work train. Smoke was pouring from its stack and drifting in a southeasterly direction across the main tracks. One witness testified that she could see the track to the east underneath the smoke. Another witness said: "The wind was a puffy wind and the smoke didn't rise; it hung low." Another said:

" It was just drifting. It was a heavy day. It just seemed to lay on the air and blowed to the southeast very lazily and slowly." After looking carefully to the east and west, Maiorano started up his car and, at the rate of three miles an hour, proceeded on his journey to cross the tracks. The rear of his car was struck by a locomotive, drawing a train, going west on the second track from the south.

The trial court seems to have thought that Maiorano was negligent in attempting to cross when the crossing signal was sounding. Maiorano had crossed the tracks twice a day for the three days during which the witnesses say the bell was ringing practically all the time. He may well have thought that the bell was out of order. Or he may have thought, what might truly have been the case, that the ringing was caused by the presence of the locomotive on the switch track. Moreover, Maiorano did give heed to the signal, for he brought his car to a complete stop 16 feet from the first rail, and looked carefully to the right and left. We think there was no negligence on his part in proceeding to cross, notwithstanding the ringing of the bell.

There is evidence that when Maiorano stopped his car he could have seen down the track to the east for a distance of 1,500 feet, at which distance the track made a bend. Even so, it does not clearly appear that the defendant's west-bound train must have been in sight. It was undisputed that the train was proceeding at the rate of 60 miles an hour. It must have traversed the distance to the crossing in about 17 seconds. Maiorano, then, if the train was just beyond the range of his vision when his car was stationary, in order to have met the train in the collision, needed only to have consumed 17 seconds in starting his car, getting under way, and traveling, at the rate of three miles an hour, a distance of 29 feet plus the length of his car. Clearly it might have required Maiorano this brief period to do these

things and make the trip. Therefore, no certainty exists that the train was in sight when Maiorano, 16 feet from the first rail, looked to the east. Moreover, it may well have been that, at that moment, or subsequently, a wisp of smoke from the locomotive of the work train hung down to intercept the view of Maiorano, even though a full view of the track to the east, unobscured by smoke, was had by a witness stationed at a different point. It must be remembered that the burden of establishing negligence on the part of Maiorano rested upon the defendant. Under the circumstances of the case we do not think it to have been established conclusively that Maiorano was negligent. We do not think that, having stopped his car to look, at a point 16 feet from the nearest rail, and having looked carefully both ways, Maiorano, as a matter of law, was negligent in not looking again to the east. Many things required his attention. He had to adjust levers to start his car. He had to guide his car onto and along the roadway. It was necessary for him to watch the locomotive of the work train, which was headed toward the crossing, only 50 feet therefrom. He may well have thought that his greatest danger lay in the sudden starting of that train. Certainly it required watching. Under these circumstances we do not think that Maiorano, as a matter of law, was negligent in failing to look again. For all these reasons a dismissal of the action should not have been made.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.