JOSEPH DULINAK, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*

(Claim No. 25275.)

SOPHIE ZUKOWSKI, Administratrix, etc., of FRANK ZUKOWSKI, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*

(Claim No. 25276.)

CLARA MAZIKOWSKI, Claimant, *v.* THE STATE OF NEW YORK, Defendant.†

(Claim No. 25277.)

Court of Claims, September 10, 1940.

* See 177 Misc. 372.          † Affd., 262 App. Div. 1064.

*George E. Phillies* [*Nicholas G. Chaltes* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*John M. Dooley, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. In the town of Amherst, Erie county, nearby the city of Buffalo, there is and was on July 4, 1937, a common intersection of three highways. These are the Millersport road, also known as Grover Cleveland highway, running from southwest to northeast, the Eggert road running from southeast to northwest, and the Longmeadow road running east and west. The Millersport road is a State highway, designated as Route 270.

At two o'clock A. M., on the date mentioned, a car driven by the claimant Clara Mazikowski going northwesterly on Eggert road collided at about the center of the intersection with a car driven by Frank Zukowski, intestate of one of the claimants, and occupied by the claimant Joseph Dulinak as a passenger. The Zukowski car was going southwesterly on Grover Cleveland highway, the State highway.

It appears that in November, 1934, the town of Amherst installed a system of automatic control signals for the regulation of traffic at this six-way intersection, and that on or about November 1, 1936, the maintenance and operation of these traffic control signals was assumed by the State of New York. Electricians in the employ of the Department of Public Works, Division of Highways, Buffalo district, were charged with the duty of maintaining them.

There is ample evidence to support a finding that from on or about May 1, 1937, to the date of the accident, these automatic signals were not in proper working order and were not functioning properly. The operation of the lights was defective and there were frequent erratic variations from the predetermined cycle, caused by the sticking of some part of the mechanism. This would result

sometimes in a prolonged period of time during which a red light or a green light would stay illuminated and sometimes in a complete failure to illuminate. Upon these facts we find and hold that the State of New York, through its officers and employees, was guilty of negligence in the operation of the lights.

On the night of the accident the claimant Clara Mazikowski had a green light with her and she went through the intersection. The deceased Zukowski stopped for a red light at the intersection and when it went out there was only a blank light and he apparently concluded that the green light was dead. Thereupon he proceeded through the intersection.

Upon all the evidence we find that the intestate Zukowski was guilty of contributory negligence. Likewise we find the claimant Dulinak, Zukowski's passenger, guilty of contributory negligence. He saw the red traffic light against them as they came to the intersection, saw the red light go out and the green light fail to come on, saw the Mazikowski car proceeding into the intersection and did not either get out of the automobile or compel Zukowski to wait until there was no chance of a collision.

However, during the time that the light facing Zukowski was continuously blank and non-illuminated the light facing Clara Mazikowski, as she proceeded, was continuously green. She did not know that the light facing Zukowski was blank or that the mechanism was out of order. We find her free from contributory negligence.

Upon these findings there must be a recovery here by the claimant Mazikowski if no legal obstacle bars it. It has been held that the maintenance of a traffic signal " was in effect an exercise of the police power; the substituting of a signal for a policeman" (*Cleveland* v. *Town of Lancaster*, 239 App. Div. 263; affd., 264 N. Y. 568); that " the operation of a traffic signal or traffic control system is a governmental function, but the keeping of a street in a reasonably safe condition for travel thereon is a corporate or proprietary function." (*Murphy* v. *Incorporated Village of Farmingdale*, 252 App. Div. 327; motion for leave to appeal denied, 276 N. Y. 690.) And where under section 315 of the Greater New York Charter it was " the mandatory duty of the police to regulate traffic," it was held that " signal lights are an incidental part of traffic regulation " and that " regulation of traffic, and, therefore, the proper maintenance of signal lights used in that connection, is the performance of a governmental duty for the neglect of the police in the exercise of which the city is not liable." (*Parsons* v. *City of New York*, 248 App. Div. 825; affd., 273 N. Y. 547.)

However, the foregoing authorities were not suits against the State of New York. In none of them was it interposed that the Legislature had imposed liability upon the municipality sued or that the municipality had waived that immunity from liability with which the common law clothed it. (See *Cleveland* v. *Town of Lancaster, supra.*)

Here the situation is quite different. The electricians employed by the State Highway Department, who were charged with the maintenance of these traffic lights, were officers and employees of the State for whose torts the State has waived immunity from liability. (Court of Claims Act, § 8, formerly § 12-a.) They were acting under the authority of chapter 910 of the Laws of 1936, effective September 1, 1936, which is found in sections 95 *et seq.* of article 7 of the Vehicle and Traffic Law. This legislation created the State Traffic Commission which on or about November 1, 1936, took over from the town of Amherst the traffic control signals with which we are here concerned.

If the operation of the signal lights was a police or governmental function, then so was the operation of the teletype system in *Slavin* v. *State of New York* (249 App. Div. 72). So was the act of the State trooper in searching for the stolen automobile in *Egan* v. *State of New York* (255 App. Div. 825) and *Finnegan* v. *State of New York* (Id.). And so was the pursuit by the State trooper of the speeding and unlighted truck in *McArdle* v. *State of New York* (251 App. Div. 773; motion for leave to appeal denied, 276 N. Y. 690).

These three cases and others of similar purport were filed pursuant to section 12-a of the Court of Claims Act. They are authority for holding that the claimant Mazikowski is entitled to a judgment herein awarding to her damages against the State of New York.

ACKERSON, J., official referee, acting as judge of the Court of Claims, concurs.