JOSEPH DULINAK, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*

(Claim No. 25275.)

SOPHIE ZUKOWSKI, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*

(Claim No. 25276.)

Court of Claims, February 7, 1941.

*George E. Phillies,* for the claimants.

*John J. Bennett, Jr., Attorney-General [John M. Dooley, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J.   The claims of Joseph Dulinak and of Sophie Zukowski, as administratrix of the estate of Frank Zukowski, and also of Clara Mazikowski, were filed to recover damages for personal injuries, in the Zukowski case resulting in death, sustained in an automobile collision.   This court by opinion dated September 10, 1940, and coincident decisions dismissed the claims of Dulinak and Zukowski and awarded damages to Mazikowski.   (*Dulinak* v. *State of New York,* 177 Misc. 368.)   Judgment was entered in the Mazikowski

---

* Affd., 262 App. Div. 1064.

case and an appeal has been taken therefrom. Judgment has not been entered in the Dulinak and Zukowski cases. Motions have now been made by these two claimants wherein the court is asked: (1) to reconsider and increase the amount found as damages; (2) to modify certain findings of fact and conclusions of law; and (3) to make awards in favor of each of the claimants and to direct the entry of judgment thereon.

As to the claimant Zukowski, this court found upon all the evidence that her intestate was guilty of contributory negligence. We are now asked to reconsider that finding and the argument is advanced that the contributory negligence of claimant's intestate was not pleaded and was not proved by the defendant. (Dec. Est. Law, § 131; Civ. Prac. Act, § 265.)

It has not been the practice in this court for the Attorney-General to plead the contributory negligence of a claimant's intestate in a death case. This because of rule 2 (now rule 13) of the Rules of the Court of Claims which reads: " The State is not required to answer a claim and all allegations in the claim are treated as denied."

It is now argued that, since the Legislature has enacted that the State waives its immunity from liability for the torts of its officers and employees and consents to have its liability therefor determined in accordance with the same rules of law as apply to an action in the Supreme Court against an individual or a corporation, and has given this court jurisdiction to hear and determine such claims (Court of Claims Act, former § 12-a, now § 8), we accept that jurisdiction subject to the provisions of the Decedent Estate Law and cannot supersede them by rule.

Within the writer's recollection, this is the second time that attack has been made on the stated practice. In the claims of Louise Rafferty, as administratrix, etc., Claim No. 24614, and Henry Wolcott, as administrator, etc., Claim No. 24615 (172 Misc. 870), claimant's attorney at the end of claimant's proof made a motion to the effect that the Attorney-General be precluded from offering any evidence on the subject of the contributory negligence of the two intestates because such was not pleaded. The motion was denied and the claims were later dismissed upon the merits. That decision has now been reviewed by the Appellate Division, Supreme Court, Third Department (261 App. Div. 80, Jan. 8, 1941). The dismissal has been affirmed upon the ground that the State was not negligent. But the following should be noted from the opinion of SCHENCK, J.:

" The Court of Claims also found that all passengers were, along with Mahue, guilty of contributory negligence.

" While this might be true of Mahue and Mattison, there is a serious question in this respect as to the two deceased women. As to them, the burden of proving contributory negligence was upon the State. The point, however, need not be passed upon here and is academic for the purposes of this appeal, in my opinion, for the reason that the determinative factor in the case is that the question of the negligence of the State  *  *  * is one of fact, and that there is sufficient evidence in the record to affirm the finding of the Court of Claims that the State was not negligent."

In this case we have found as a fact that the State was negligent but have dismissed the Zukowski claim upon the ground that he was guilty of contributory negligence.

The extent to which practice in this court must be determined by the provisions of the Civil Practice Act was recently expounded by the Supreme Court, Appellate Division, Fourth Department. (*Ehde* v. *State of New York*, 260 App. Div. 511, Nov. 8, 1940.) If we have certain powers prescribed for the Supreme Court in matters of practice then we must be subject to certain limitations similarly prescribed. In this writer's opinion it was incumbent upon the Attorney-General to plead and to prove Zukowski's contributory negligence. It may be that his failure to plead it has been waived by claimant by silence of her attorney upon the trial. That would not satisfy the obligation to prove it.

Accordingly we have again examined the testimony as to the happening of the accident and the events immediately prior thereto. Particularly have we given consideration to the testimony of Dulinak and to the testimony of Mazikowski. After reviewing this testimony and after extended and careful deliberation and study of the cases cited upon the subject, we have concluded that it cannot be said that the defendant has sustained the burden, imposed upon it by law, of establishing the contributory negligence of decedent. Certainly the issue was one of fact. (*Maiorano* v. *Long Island R. R. Co.*, 244 N. Y. 387; *Royal Indemnity Co.* v. *Long Island R. R. Co.*, 258 App. Div. 252.) Had it not been for the defective operation of the signal lights it is improbable that Zukowski would have driven into the intersection. At least he must be given the benefit of that doubt. Our previous findings in this regard should, therefore, be revised and new findings made. We shall not alter our findings as to the amount of damages sustained.

Regarding the claim of Dulinak, who was Zukowski's passenger, we recited in our opinion and in our decision that he " did not either get out of the automobile or compel Zukowski to wait until there was no chance of a collision." Upon reconsideration we are satisfied

that this is not the proper rule of law to impose upon Dulinak. Therefore, we revise our findings in respect to Dulinak's contributory negligence and hold him free therefrom. We shall not alter our findings as to the amount of damages Dulinak sustained.

These claims were filed prior to July 1, 1939, the effective date of chapter 860 of the Laws of 1939, which permits the final determination of a claim by one judge of this court and in that period of time when the concurrence of two judges was necessary. (Court of Claims Act, former § 13.) Since the revision of the statute we have followed the practice of having two judges concur in the final determination of all claims filed prior to the stated date. Judge Ackerson, who presided at the trial of these claims and with whom I concurred in the original decision, retired from the bench September 30, 1940. This application is made to the court and we think it cannot be questioned that two judges thereof have the jurisdiction to hear and determine it, although the new Court of Claims Act recites that " All intermediate applications and motions may be heard and determined by one judge." (§ 12, subd. 3.) As a revision of the findings is asked for, this is in reality a final determination.

An order should be entered granting the respective claimants' motions in part as hereinabove indicated and amending the decisions herein and re-marking the requests to find to conform with this opinion. Settle order either on notice or by agreement.

Barrett, P. J., concurs.

Barrett, P. J. (concurring). I concur in the result reached by Judge Ryan in the above claims. However, I disagree with that portion of the opinion wherein it is stated in effect that it was incumbent upon the State to plead the contributory negligence of the decedent. A claim against the State may be filed and heard and determined only in the method provided by statute. The State can only be sued when it consents to be sued and then only in accordance with the terms of the statute permitting such suit.

" The State cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant." (*Gates* v. *State of New York*, 128 N. Y. 221, 228.)

The procedural requirements are contained in the Court of Claims Act. (Laws of 1920, chap. 922, as amd., Laws of 1939, chap. 860.) There is no requirement in the statute that the State shall plead

to or answer the allegations of the claim. If it must plead contributory negligence of a decedent, it must also plead the Statute of Limitations, fraud, release, payment, illegality, etc., when involved in the controversy. (Civ. Prac. Act, § 242.) Claims against the State can only be presented to and heard by the Court of Claims. The court is authorized to establish rules for its government and the regulation of its practice. (Court of Claims Act, § 14, now § 9, subd. 9.) That section, as it read when these claims were filed and tried, provided that the practice therein shall be the same as in the Supreme Court except as otherwise provided in the rules and regulations or the Civil Practice Act. Rule 13 of the Rules of the Court of Claims reads as follows: " The State is not required to answer a claim and all allegations in the claim are treated as denied." This rule was adopted in conformity with the powers expressly conferred on the court by said section 14 of the act, namely, that the practice may be regulated by rules or, in the alternative, by the provisions of the Civil Practice Act. If the State must formally answer the allegations of the claim, then queries naturally arise as to who is to answer and what must the answer contain and must it be verified and when is it to be filed and served and where. On these questions the statute is silent. The claimant is bound to produce such legal evidence as will sustain his claim but such legal evidence does not include proof of failure of contributory negligence upon the part of the decedent. The State must establish such negligence. (*Frate* v. *State of New York*, 245 App. Div. 442.) In the absence of express statutory provision that the State shall answer, and in view of the rule of the Court of Claims, I am satisfied that no such pleading is required upon the part of the State.