MINA B. GARDNER, Respondent, v. AUSTIN SERTH, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants plaintiff's motion to vacate defendant's notice of examination of plaintiff before trial in an automobile negligence action.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of NEW YORK STATE LABOR RELATIONS BOARD, Respondent, for an Order against DOLOMITE PRODUCTS Co., INC. (DOLOMITE PRODUCTS CORP.), Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (The order grants petitioner's application to enforce its order of March 7, 1940, and remands certain issues to the Board for determination.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

JOSEPH DULINAK, Respondent, Appellant, v. THE STATE OF NEW YORK, Appellant, Respondent. (Claim No. 25275.)— Judgment affirmed, without costs of this appeal to either party. All concur, except Harris, J., not voting. (The judgment awards damages for personal injuries sustained by reason of the collision of two automobiles, the collision being caused by defective traffic lights.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [177 Misc. 372.]

SOPHIE ZUKOWSKI, as Administratrix, etc., of FRANK ZUKOWSKI, Deceased, Respondent, Appellant, v. THE STATE OF NEW YORK, Appellant, Respondent. (Claim No. 25276.) — Judgment affirmed, without costs of this appeal to either party. All concur, except Harris, J., not voting. (The judgment awards damages for death of claimant's intestate resulting by reason of the collision of two automobiles, the collision being caused by defective traffic lights.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [177 Misc. 372.]

CLARA MAZIKOWSKI, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 25277.) — Judgment affirmed, without costs of this appeal to either party. All concur, except Harris, J., not voting. (The judgment awards damages for personal injuries sustained by reason of the collision of two automobiles, the collision being caused by defective traffic lights.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [177 Misc. 368.]

EDWIN SCHROTH, an Infant, by His Guardian ad Litem, ESTELLE SCHROTH, Respondent, v. CLAUDE J. BOTT, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

ESTELLE SCHROTH, Respondent, v. CLAUDE J. BOTT, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of MADELINE MARTIN DAVIS for a Determination as to the Validity and Effect of Her Notice of Election to Take the Intestate Share of a Widow as against the Last Will and Testament of CHARLES M. DAVIS, Deceased. JOHN F. DAVIS, as Executor, etc., of CHARLES M. DAVIS, Deceased, and Individually, and CLARA L. DAVIS, Appellants; MADELINE MARTIN DAVIS, Respondent.— Order affirmed, without costs of this appeal to any party. - All concur, Harris, J., in the following memorandum: The order should be affirmed on the ground that there has been a substantial compliance with the statute in reference to the manner of service of the notice of election. The manner of such service herein has been