Agnes Foley, Appellant, v. State of New York, Respondent. (Claim No. 25961.) * †

Harry A. Foley, Appellant, v. State of New York, Respondent. (Claim No. 25962.) *

Eugene F. Foley, Appellant, v. State of New York, Respondent. (Claim No. 25963.) * †

Harry A. Foley, Appellant, v. State of New York, Respondent. (Claim No. 25964.) *

Audrey C. Foley, Appellant, v. State of New York, Respondent. (Claim No. 25965.) *

Janet Foley, Appellant, v. State of New York, Respondent. (Claim No. 25966.) *

William E. Foley, Appellant, v. State of New York, Respondent. (Claim No. 25967.) *

Fourth Department, March 17, 1943.

* Revg. 177 Misc. 443. † Affg. 177 Misc. 450.

*Alfred L. Hetzelt* and *Samuel Sapowitch* for appellants.

*John J. Bennett, Jr., Attorney-General* (*James H. Glavin, Jr.,* and *John M. Dooley* of counsel), for respondent.

McCURN, J. These appeals are from judgments of the Court of Claims dismissing upon the merits the claims of each of the claimants-appellants and also from two orders.

On the 4th day of August, 1940, at about eleven o'clock in the forenoon, the claimant Audrey Copeland Foley was driving a Buick sedan belonging to the claimant William E. Foley, in an easterly direction on Wehrle road, a three-strip concrete highway in the town of Amherst, Erie county, New York. At the same time a Mrs. Mendy was driving her Ford car in a northerly direction on Union road, a two-strip concrete highway which intersects at right angles with Wehrle road. The respective cars entered the intersection while the traffic signal was green for the Foley car and blank for the Mendy car. A collision resulted injuring the driver and the occupants of the Foley car, all of whom are claimants here.

The Court of Claims has found that at the time of the accident in question both the green and the red lights governing traffic east and west on Wehrle road were operating properly; also that at the time of the accident the red light facing south on Union road was not working, although the green light facing south on Union road was properly working, so that there would be a period when the light facing south on Union road would show green and when that went out it would show blank for a period until the green light came on again. The court also found that this condition was caused by the fact that a bulb had burned out and had not been replaced, and that the condition had existed from about two P. M. on Saturday, August 3rd, until after the time of the accident at eleven A. M. on Sunday, August 4th. The Court of Claims further found that while the State had no actual notice that the traffic light was not working properly, it did have constructive notice of that situation.

The direction, maintenance and control of the traffic lights in question were under the supervision of the State of New York through its State Traffic Commission, pursuant to article 7 of the Vehicle and Traffic Law. The State has waived immunity from liability on account of the negligence of its officers and employees who are charged with the duty of maintenance of these traffic lights. (Court of Claims Act, § 8; L. 1939, ch. 860. See *Dulinak* v. *State of New York,* 177 Misc. 368, 372, affd. 262 App. Div. 1064.)

The Court of Claims dismissed the claim of Audrey Copeland Foley on the ground that she was contributorily negligent. It dismissed the claim of William E. Foley, the owner of the automobile in question, on the ground that he, being the owner of and occupant in the car driven by Audrey Copeland Foley, her negligence was imputable to him. The other claims were dismissed upon the ground that the failure of the red light was not a proximate cause of the accident.

When the Foley car approached the intersection Mrs. Foley observed the traffic lights and knew that traffic at the intersection was controlled by traffic control signals and that she had the green light in her favor. The green light was at least an invitation for her to proceed. She had a right to assume that when the green light beckoned her to proceed, that correspondingly a red light would warn the Mendy car to stop. She had no notice that the red light was not working. She had a right to assume that it was working and that Mrs. Mendy would obey it, although she still was required to use reasonable care under the circumstances. (*Crowley* v. *Fifth Avenue Coach Co.*, 249 App. Div. 408; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89; *Shea* v. *Judson*, 283 N. Y. 393.) Her care was at that moment measured on the assumption that all lights were working, not on the assumption that the red light was out. The very fact that the traffic lights were there and that the light facing her was working would naturally cause her to relax the vigilance which she might have used if there were no traffic lights at all, or if she had known that the red light facing south was not working. A careful examination of the evidence as to her conduct under those circumstances leads us to the conclusion that a finding that she failed to use reasonable care is against the weight of evidence.

The trial court found that the passenger claimants in the Foley car were free from contributory negligence and that finding is in accordance with the evidence. These claimants were denied recovery, however, upon the theory that the negligence of the driver of the Foley car and of the Mendy car was the sole proximate cause of the accident. The trial court expressed doubt whether the failure of the red light to illuminate initiated a chain of events which resulted in injury to these claimants. It concluded that in any event the flow from cause to effect was interrupted by intervening forces (the negligence of the drivers of the Foley and Mendy cars) and that such intervening forces operated to relieve the State from liability.

The trial court here applied the rule that where the causal connection between the original negligence and the injury is interrupted by a new and independent act of negligence which itself causes the injury, then the later act of negligence becomes the proximate cause and the original wrongdoer is relieved from liability. (See *Leeds* v. *New York Telephone Co.*, 178 N. Y. 118.) We have pointed out above that in our opinion the driver of the Foley car was not negligent. The trial court

found that the driver of the Mendy car was negligent, but we find no evidence that her negligence was of such an extraordinary nature as to constitute a superseding cause. To relieve the first negligent actor of liability for the injury, it must appear that the intervening cause so entirely supersedes his negligence that it alone, without his negligence contributing thereto in any degree, produces the injury. (See 1 Shearman & Redfield on the Law of Negligence [Rev. ed.], § 38.)

If the failure of the red light contributed in any degree to the happening of the accident, then the chain of causation remained unbroken. We have already observed that when the green light signaled the driver of the Foley car to proceed she relied upon a red light, which in fact was not there, to warn north-bound traffic to stop. It is reasonable to assume further that if the red light facing north-bound traffic had been working Mrs. Mendy would have obeyed the law and brought her car to a stop, in which event there would have been no accident. It is apparent that the absence of the red light not only contributed to the accident that happened, but that it was reasonably foreseeable that some such accident would occur under the situation which was allowed to exist. The mere fact that the acts of the drivers of the cars intervened does not necessarily create a superseding cause, and this is particularly so where the original wrongdoer could have anticipated that the intervening acts might naturally follow the original wrongful act. (1 Shearman & Redfield on the Law of Negligence [Rev. ed.], § 38; Restatement, Law of Torts, §§ 447, 449, 452; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345.) The mere fact that the State's negligence alone was not enough to produce the injury without the co-operation of the drivers of the cars, does not break the chain of causation or relieve the State from liability. (*DeHaen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350.) If the accident here was a natural and probable sequence of the original negligence of the State, then there is no superseding cause, and the State remains liable notwithstanding that the negligence of one of the drivers may also have contributed in some manner to the happening of the accident. (*Lowery* v. *Manhattan R. Co.*, 99 N. Y. 158, 162; *Donnelly* v. *Piercy Contracting Co.*, 222 N. Y. 210; *Carlock* v. *Westchester Lighting Co., supra.*) It seems clear that the absence of the red light started a chain of events which culminated in this accident. The acts of the drivers whether negligent or not were concurring causes and the failure of the red light still remained one of the proximate causes. We are therefore of the opinion

that the court below was in error in concluding that the acts of the drivers of the cars involved were superseding acts of negligence sufficient to relieve the State from liability.

The judgment of the Court of Claims in each case should be reversed and a new trial ordered, without costs of this appeal to either party. Order denying claimant's motion to increase the amount of the claim affirmed without costs.

Certain findings of fact disapproved and reversed.

In each separate appeal: All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

In Claims Nos. 25961 and 25963 separate decisions as follows: Judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Order denying claimant's motion to increase the amount of the claim affirmed without costs. Certain findings of fact disapproved and reversed.

In Claims Nos. 25962, 25964, 25965, 25966 and 25967 separate decisions as follows: Judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Certain findings of fact disapproved and reversed.