FRANCIS J. LYONS, as Administrator of the Estate of NEIL M. LYONS, Deceased, Appellant, v. STATE OF NEW YORK, Respondent.   (Claim No. 28243.) — Judgment affirmed, without costs of this appeal to either party.   Memorandum: The claimant failed to sustain the burden of establishing the fact that the right of way embraced within it the location of the accident.   Even if the accident occurred within the limits of the highway right of way, neither actionable negligence nor nuisance was proven.   The place of the accident was outside of the traveled portion of the highway.   The State may not be held to anticipate that foot travelers would depart far beyond the ample shoulder of the road and enter into an area which was not intended and was not used for travel. Furthermore, we think the claimant's intestate was guilty of contributory negligence.   The burden was upon the State to establish such contributory negligence (*Frate* v. *State of New York*, 245 App. Div. 442), but, in our opinion, the State need not affirmatively allege it.   (*Dulinak* v. *State of New York*, 177 Misc. 372,

affd. 262 App. Div. 1064.) The State is not required to answer and all allegations in the claim are treated as denied. (Rules of Court of Claims, rule 13; Bender's Court Rules [1st ed.], p. 214.) The amended claim alleged freedom from contributory negligence. Thus the issue was before the court. All concur. (The judgment dismisses a claim against the State.) Present — Taylor, P. J., McCurn, Love, Kimball and Piper, JJ. [192 Misc. 983.] [See 275 App. Div. 741.]