Fred A. Young, J.
During the course of the trial claimant moved that the defense of contributory negligence on the part of the decedent be taken out of the case on the grounds that it was an affirmative defense which was not pleaded by the State. (Decedent Estate Law, §§ 119, 131.) Claimant relied on Dulinak v. State of New York (177 Misc. 372, affd. 262 App. Div. 1064).
Inasmuch as we have found in our accompanying decision that the claimant failed to prove by a fair preponderance of the credible evidence that the State was guilty of any negligence, causing or contributing to Smith’s accident, we did not reach the question of the contributory negligence of Robert E. Smith since such determination was not necessary to the decision herein and we believe the claimant’s motion thus became academic. However, although no finding is made with respect to the contributory negligence of the decedent herein, the State is not precluded from offering evidence of contributory negligence by reason of its failure to so plead in actions of this nature. The State is not required to serve or file any answer at all and loses no rights by its failure to do so. (Court of Claims Act, § 9, subd. 9; Rules of Court of Claims, rule 13; Taylor v. State of New York, 302 N. Y. 177, 188.)
Claimant’s motion made on page 325 of the minutes, on which decision was reserved, is hereby denied.
The claim is dismissed in an accompanying decision.