■ CHARLES PERROTTA, Respondent, v. CITY OF POUGHKEEPSIE et al., Appellants.— In a negligence action to recover damages for personal and property injuries, defendants appeal from (1) a judgment of the Supreme Court, Dutchess County, dated February 7, 1969, in favor of plaintiff upon a jury verdict, and (2) an order of said court dated January 24, 1969 which denied their motions to set aside the verdict on the grounds that it was excessive and against the weight of evidence. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless within 30 days after entry of the order hereon plaintiff shall serve and file in the office of the Clerk of the trial court a written stipulation consenting to reduce the amount of the verdict in his favor on the first cause of action to $23,750, so that with the verdict of $1,250 on the second cause of action the total will be $25,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict was excessive to the extent indicated. A jury question was presented as to whether the traffic light was green in plaintiff's favor when he entered the intersection and, if so, whether he exercised the care required of an ordinarily prudent person under the circumstances (*Shea* v. *Judson,* 283 N. Y. 393, 398; *Healy* v. *Rennert,* 9 N Y 2d 202, 210; *Feldman* v. *Cain,* 29 A D 2d 965). As the jury obviously disbelieved defendant Sadowski's version of the events, it could also have disbelieved his statement that he knew of the defective red light prior to the accident. Under such circumstances the jury could have inferred that the defective condition of the light contributed, in some degree, to his entry into the intersection at a time when the light was green for plain-

tiff (cf. *Foley* v. *State of New York,* 265 App. Div. 682, 686). Appeal from order dismissed, without costs. An order denying motions to set aside a jury verdict and for a new trial, made only on the trial minutes, is not appealable. In any event, the contentions urged with respect to the motions were considered on the appeals from the judgment. Hopkins, Acting P. J., Kleinfeld, Brennan and Benjamin, JJ., concur; Munder, J., concurs in the conditional affirmance (or granting of a new trial) insofar as it affects defendants Knieriemen Oil Company, Inc., and Sadowski and in the dismissal of the appeal from the order, but votes to reverse the judgment as against the City of Poughkeepsie and to dismiss the complaint against said defendant, with the following memorandum: The city has conceded on this appeal that the red traffic light at the corner of Academy Street controlling easterly traffic along Montgomery Street, which is the route Sadowski was traveling in Knieriemen's oil truck, was not functioning at the time of the accident. Otherwise, the light's normal cycle was unaffected. Sadowski testified that he noticed the light was not operating when he was about 300 feet from the intersection, but as he approached the light turned green in his favor and he continued through the intersection without coming to a full stop or looking to his right or left. Plaintiff's vehicle, approaching from the north or Sadowski's left, collided with the truck in the center of the intersection. If the light was green for Sadowski as he arrived at the intersection, and if it was working normally for someone approaching from the north, it must have been red for plaintiff and he should have stopped. Under these circumstances, the condition of the light was *not* a cause of the accident. Assuming, as the majority suggests, the jury disbelieved Sadowski's version of the accident, and this would mean rejecting the testimony of the disinterested witness Tremper who also stated the light was green for Sadowski, the fact remains he *knew* the light was not operating. The majority states the jury also could have disbelieved his statement regarding his knowledge, but this would be tantamount to rejecting *all* his testimony as incredible as a matter of law. There is no basis in this record for such rejection. On the contrary, since Sadowski's testimony that he knew the light was not operating was not contradicted by direct evidence, or by any legitimate inferences from the evidence, and was not improbable or surprising, and, in fact, was more likely to be beyond suspicion since it was against his interest, there is no reason for not giving it conclusive effect (*Hull* v. *Littauer,* 162 N. Y. 569). Since he knew of the condition of the light, it would then follow that the accident occurred *only* because he failed to look to his left when he entered the intersection (and he so testified). Again, this would mean the malfunctioning of the light had nothing to do with the accident (see *Applebee* v. *State of New York,* 308 N. Y. 502, 507). There being no proof to the contrary, I cannot vote to sustain the verdict against the city.