Hans Dara, as Father and Natural Guardian of Elaine Dara, an Infant, et al., Respondents, v. State of New York, Appellant. (Claim No. 52138.)

Third Department, November 15, 1973.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz and Ruth Kessler Toch of counsel), for appellant.*

*Britvan & Chetkof (Michael Chetkof of counsel), for respondents.*

Reynolds, J. This is an appeal from a judgment of the Court of Claims entered on a decision holding the State liable for the injuries sustained by the infant claimant.

On the morning of June 8, 1968 the infant claimant, then 6 years old, and two companions bicycled from their homes approximately four tenths of a mile to a drainage area, which included a catch basin and a discharge basin, within the right of way of the Long Island Expressway. Gaining entrance through an opening in a chain link fence placed around the site, the claimant and her companions walked their bicycles down to the discharge basin and then climbed back to the catch basin. The 320-pound lid to the catch basin had been removed and the children climbed down into the catch basin. Claimant then ventured 32 feet along a connecting horizontal culvert at which point she fell 12 feet into a pit sustaining the injuries for which recovery is sought.

The trial court, emphasizing several factors including "the infant's tender years, the easy access through the defective fence, the obvious fact these small children could not have removed the lid to the catch basin, the previous reports of this condition to defendant's employees and the location of this dangerous condition in a highly populated area", found the State negligent in maintaining this area. The instant appeal has been brought from the judgment entered on this decision.

Clearly the infant claimant, despite her tender years, was, nevertheless, a trespasser, and the possessor of land is under no duty to make it safe in order to prevent injuries to trespassers (*Molnar v. Slattery Contr. Co.*, 8 A D 2d 95). He owes to a trespasser, either adult or infant, merely the duty to refrain from inflicting intentional, wanton, or willful injuries and to refrain from affirmative acts of negligence (*Carradine v. City of New York*, 13 N Y 2d 291; *Carbone v. Mackchil Realty Corp.*, 296 N. Y. 154). In *Harrow v. State of New York* (21 A D 2d 571, 573), a case involving a 10-year-old infant who was injured where he bicycled into a culvert in a grassy area running adjacent to a State highway, this court noted that while the State owes a degree of care "toward children of tender years" depending "on the foreseeability that children will, in fact, come in contact with the dangerous condition, if such exists, and the degree of danger involved", it need not "child proof" its entire highway system. (See also, *Lyons v. State of New York*, 274 App. Div. 1086, mot. for lv. to app. den. 299 N. Y. 593; *Garrow v. State of New York*, 268 App. Div. 534, affd. 294 N. Y. 741.)

Applying the principles noted above to the facts presented in the instant case, the catch basin, despite its lid being off, was not an inherently dangerous condition especially in view of its inaccessibility and removal from the public way (cf. *Mayer v. Temple Props.*, 307 N. Y. 559; *Kingsland v. Erie County Agric. Soc.*, 298 N. Y. 409). The most that could possibly be said to have been established from the lid having been off was a mere failure to repair for which no liability lies to a trespasser (*Beauchamp v. New York City Housing Auth.*, 12 N Y 2d 400, 405; *Runkel v. City of New York*, 282 App. Div. 173). Moreover, the infant claimant did not fall into the open catch basin but rather was injured only when after arriving at the opening to the catch basin she proceeded to climb down to the bottom of the basin and then, despite the fact that her companions refused to go further, crept 32 feet in the dark through a horizontal culvert before her fall. Such an accident could not pos-

sibly be foreseeable. If other than a child of such tender age as the present claimant were involved, there would be absolutely no question that the State would not be liable on these facts, and we can find no basis to assess liability against the State despite the age of the injured claimant.

The judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

MAIN, J. (dissenting). I respectfully dissent.

The essence of this case is that the claimant is an infant of tender years and thus entitled to a degree of care greater than that ordinarily afforded to an adult (*Harrow* v. *State of New York,* 21 A D 2d 571). While the majority opinion readily concedes this, it places great stress upon the claimant's status as a trespasser in denying a recovery. Yet, even trespassers are protected from the infliction of intentional, wanton, or willful injuries and from affirmative acts of negligence (*Carradine* v. *City of New York,* 13 N Y 2d 291), and the maintenance of an inherently dangerous condition, as the trial court found in existence, without exercising a high degree of care, has been determined to be the equivalent of a willful, wanton or intentional act (*Mayer* v. *Temple Props.,* 307 N. Y. 559).

As a just and proper resolution of this controversy demands a firm understanding of what is entailed in the increased duty owed to young children, an examination of relevant case law is in order. Thus, while the State need not "child proof" its entire highway system (*Harrow* v. *State of New York, supra*), children are, nevertheless, entitled to "care proportioned to their inability to foresee and avoid the perils that they may encounter", and "the duty to avoid doing them an injury increases with their inability to protect themselves and with their childish indiscretions, instincts and impulses" (*Garrow* v. *State of New York,* 268 App. Div. 534, 537–538, affd. 294 N. Y. 741). They must be expected to act upon these "instincts and impulses", and "others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly" (*Day* v. *Johnson,* 265 App. Div. 383, 387). Even though the doctrine of attractive nuisance is not applicable in this State, a court will take into consideration the well-known propensities of children to climb about and play (*Collentine* v. *City of New York,* 279 N. Y. 119) and will recognize a lack of awareness on their part of dangers which would be clear to a more mature person (*Molnar* v. *Slattery Contr. Co.,* 8 A D 2d 95).

Applying these principles to the instant case, we find that the Trial Judge has embodied them as the heart of his decision. Thus, he reasonably concluded from the facts as he found them that it was foreseeable that young children would come in contact with the defective fence and the open catch basin in their neighborhood and that such a condition was extremely dangerous (cf. *Harrow* v. *State of New York, supra*), and, recognizing the propensities of children to climb about and play (cf. *Collentine* v. *City of New York, supra*) and their lack of awareness of danger (cf. *Molnar* v. *Slattery Contr. Co., supra*), that it was likely that these neighborhood children would explore this dangerous condition, with its easy access, at great risk of personal injury to themselves. Such being the case, the defendant should have taken precautions accordingly to see that this area was safe (cf. *Day* v. *Johnson, supra*).

A review of the factual findings upon which the court below based these conclusions finds all with substantial support in the record, and, as the condition in question was undeniably located adjacent to a highly populated residential area, I take particular issue with the majority's contention that it was not inherently dangerous, " especially in view of its inaccessability and removal from the public way ". When one considers all of these factors, as well as the disadvantageous position of an appellate court in being limited to the written record alone in reaching its decisions (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5501.20), it becomes clear that the determinations of the Trial Judge here should not be lightly disregarded or dismissed.

The judgment should be affirmed.

STALEY, JR., J. P., GREENBLOTT and COOKE, JJ., concur with REYNOLDS, J.; MAIN, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.