CLAYTON W. GOULD, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 18237.)

VELMA ELLIS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 18236.)

MADELINE THOMAS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 18238.)

Court of Claims, November 29, 1927.

**State — claims against — automobile in which claimants were occupants overturned on State highway — evidence does not warrant finding of negligence against State — irregularities in shoulder are not defects in highway — claims dismissed.**

Claims against the State for injuries suffered when an automobile in which claimants were riding overturned on a State highway must be dismissed, where it appears that the only claim of negligence against the State is that the shoulder onto which claimants' automobile was driven by reason of being crowded off the highway was somewhat rutted and was a few inches lower than the adjacent pavement itself, which was of concrete sixteen feet wide and in perfect condition; the shoulder of the highway is not constructed to travel upon and irregularities in the shoulder are not defects in the highway or a menace to the traveling public.

The proximate cause of the accident was the crowding by another vehicle and the negligence of the driver of claimants' automobile in attempting to regain the pavement while driving at a fast rate of speed, and not the condition of the shoulder.

CLAIM for damages suffered when automobile overturned on State highway.

*Lusk, Buck & Ames* [*Clayton R. Lusk* and *Moses B. Ames* of counsel], for the claimants.

*Albert Ottinger, Attorney-General* [*Jonathan D. Wilson, Jr., Deputy Attorney-General,* of counsel], for the defendant.

PARSONS, J. The above-entitled and numbered claims were tried together for the reason that the alleged injuries and damages all arose out of the same occurrence, and it was stipulated that

the evidence, so far as applicable, should be applied by the court to each of the said cases.

The claimants, Clayton W. Gould, Velma Ellis and Madeline Thomas, were all occupants of an automobile being driven by said Gould along a State highway about two miles north of the village of Homer in Cortland county, N. Y., on the 16th day of September, 1925, at about five-thirty o'clock in the afternoon. The automobile was traveling in a generally southerly direction when an accident occurred which resulted in the overturning of the automobile and in personal injuries to the claimant and the smashing of the car.

It appears from the evidence that the Gould car had for some distance been traveling behind a car going in the same direction when Gould decided to pass this car and, after sounding his horn, pulled out to pass. He testified that when he was about midway past the car ahead of him, the driver of the car ahead pulled over toward him and forced the Gould car off the concrete portion of the highway and onto the shoulder on the left side of the highway in the direction in which they were traveling. At the time Gould was driving in excess of twenty-five miles an hour.

After he was so forced off the concrete pavement so that the left wheels of his car were off the concrete and on the shoulder, Gould continued to so drive for some 150 feet when it became necessary for him to regain the pavement or concrete surface of the highway because of a culvert in front of him and a car coming toward him. He testified that he slowed down to about fifteen miles per hour and pulled to the right to regain the pavement, and the rear wheel of his car caught and he lost control, and the car crossed the pavement and overturned on the opposite or right-hand side of the road.

It was proven that the shoulder on the left side of the road was somewhat rutted, and next to the edge of the concrete pavement it was a few inches lower than the concrete pavement itself. Gould was perfectly aware that he was off the concrete pavement for a distance of upwards of one hundred and fifty feet. Had he stopped, as any reasonably prudent driver would have done, he could have regained the pavement with no difficulty. The pavement was of concrete, sixteen feet in width, and on either side of said concrete there was a shoulder some three or more feet in width. The shoulder of the highway is not constructed to travel on, and irregularities in the shoulder are not defects in the highway or a menace to the traveling public. (*Worden* v. *State,* 221 App. Div. 671.)

However, assuming that Gould had a right to drive on the shoulder, of which there is some doubt in the minds of the court,

at least for the distance he did drive, the condition of the shoulder was not the proximate cause of the accident.

The cause of the accident was twofold: *First,* the crowding by the car ahead, and *second,* the negligence of Gould in attempting to regain the pavement driving at such a rate of speed.

There was no negligence on the part of the State as the sixteen feet of concrete highway was concededly in perfect condition and the highway was practically straight for a considerable distance both directions from the point of the accident, and the condition of the paved portion of the highway and the shoulder was entirely visible to a reasonably prudent driver.

The accident was not caused by any negligence of the State, its servants or employees.

All of said claims should be dismissed on the merits.

POTTER, J., concurs.