LOUISE RAFFERTY, as Administratrix, etc., of EUNICE RAFFERTY, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24614.)

HENRY WOLCOTT, as Administrator, etc., of JESSIE WOLCOTT, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24615.)

JOHN MAHUE, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24616.)

CLARENCE MATTISON, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24617.)

Court of Claims, December 28, 1939.

*Raymond C. Prime* and *Harold R. Soden*, for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Joseph L. Delaney, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J. The accident out of which these claims arose happened at about one-forty-five A. M. on August 10, 1936. John Mahue, one of the claimants, was driving his automobile in a westerly direction on a highway constructed and maintained by the State and when the car reached a point about three-quarters of a mile west of the limits of the village of Ticonderoga, it came into collision with a tree in the shoulder of the road and two of the passengers, Eunice Rafferty and Jessie Wolcott, received injuries from which they died and the claimant Clarence Mattison and the claimant John Mahue were injured and Mahue's car was damaged.

Mahue and Mattison met at an inn in Ticonderoga at two-thirty o'clock P. M. on August ninth and from that time almost to the time of the accident they visited various drinking places and partook freely of beer, wine and whisky, and the decedents at times joined with them in drinking. The last drink of whisky was had less than a mile from the scene of the accident. Mahue admitted that he felt the effects of the drinking and that he did not know whether he was driving with one hand or two. It is true that a physician who examined him said that he did not detect the odor of liquor but that examination was made at least an hour after the accident and after Mahue had been seriously injured and shocked.

The highway at the point of the accident curved to the left. It was of bituminous macadam in two strips, each ten feet wide. The shoulders were of gravel, averaging five feet in width and heavily sodded. The photographs in evidence disclose a ridge between the macadam roadway and the north shoulder. The highway approaching the curve was substantially straight and level. The curve was properly banked, and the tree, which was in the shoulder of the road, three feet from the edge thereof, and the curve were in no way concealed or hidden. They were clearly visible and there was no necessity for warning signs or signals at the curve. Mahue was entirely familiar with the road. He had driven over it 150 times in a period of five or six years. Before he came to the curve he was driving at a speed of forty-five to fifty miles an hour, but claims that as he came near the tree he reduced the speed to twenty to twenty-five miles an hour. For 122 feet before colliding with the tree he drove on the shoulder, at times reaching almost the edge thereof. It is difficult to believe that he drove off the macadam and onto this heavily sodded shoulder without knowing it. In

that connection it is significant that he testified when describing the accident, " I pulled the car to the edge of the pavement to avoid this other one." When he did this he was 122 feet from the tree and according to his own admission he knew at that time where the edge of the pavement actually was. The right side of the car, beginning with the fender, came in contact with the tree and with great force, which fact is indicated by the testimony that two of the occupants were thrown a considerable distance out of the car and the car itself was badly damaged. These facts indicate also that the car was going very rapidly, but with the lights of an approaching car blinding Mahue, as he testified, while driving on a curve, of whose existence he was aware because he was following it, a speed of twenty to twenty-five miles an hour was excessive and dangerous. He should have stopped his car under those conditions or at least have been proceeding so slowly and cautiously that when he saw the tree, thirty feet away, as he says, he could have turned his car back on the pavement and thus avoided the collision. The shoulder of a highway is not constructed to travel on and irregularities in the shoulder are not defects in the highway or a menace to the traveling public. (*Gould* v. *State*, 130 Misc. 776, 777; affd., 224 App. Div. 773; *Worden* v. *State*, 221 id. 671.)

There is every reason to believe that Mahue could have stayed on the pavement and passed the other car in safety. He had ten feet of pavement upon which to drive and, even if he were forced upon the shoulder, he had an additional three feet, or thirteen feet in all, which, under the circumstances, were amply sufficient for a driver using the care and caution which was demanded. The test is what a reasonably prudent and careful person would have done under the circumstances. (*Lane* v. *City of Buffalo*, 232 App. Div. 334, 338.) The accident was caused, not by the negligence of the State, its officers or employees, but solely by the negligence of the claimant Mahue, the driver of the automobile.

The occupants of the car knew that Mahue had been drinking heavily. In fact, they had participated with him in the drinking and they must be held to have known of his condition which prevented him from driving in that careful manner which the circumstances required.

Claimants contend that the failure of the State to plead contributory negligence precludes proof of the same and this court from finding that the claimants were negligent. While it is true that in a death case negligence is a fact required to be pleaded and proved, and in the case of personal injury the burden rests upon the person injured of pleading and proving freedom from contributory negligence (Dec. Est. Law, §§ 130, 131), yet this does not apply to the

State. No pleading upon the part of the State is required and the allegations of the claims are treated as denied. (Rules of Court of Claims, rule 13, formerly rule 2.) This rule was adopted pursuant to the provisions of subdivision 9 of section 9 (formerly section 14) of the Court of Claims Act.

The claims must be dismissed upon the merits.

GREENBERG, J., concurs.