DOROTHY HALLETT *vs.* JOSEPH RIMER
(and a companion case[1]).

Essex.    May 6, 1952. — May 28, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Gross, Motor vehicle.

Evidence that while at an eating place which he left early in the morning
the operator of an automobile had had intoxicating liquor and that
while driving at a speed of sixty miles an hour he took his eyes off the
road and turned completely around toward a guest on the rear seat,
whereupon the automobile swerved and hit a pole and the guest was
injured, together with evidence of an admission by the operator subse-
quent to the accident that he had had "one too many" drinks of
liquor, warranted a finding of gross negligence on the part of the
operator.

TWO ACTIONS OF TORT. Writ in the Superior Court dated
June 13, 1949, and writ in the District Court of Peabody
dated June 20, 1949.

Upon removal to the Superior Court of the action com-
menced in the District Court, the actions were tried together
before *Morton*, J.

*Edward S. Underwood, Edward J. Garity, & William N.
Farquhar*, for the defendant, submitted a brief.

*Samuel Pearl*, (*Joseph B. Harrington* with him,) for the
plaintiff Hallett.

*Joseph E. Murphy*, for the plaintiff Ahearn.

LUMMUS, J. These are actions of tort for personal in-
juries. The plaintiffs had verdicts, and the cases are here
on the exceptions of the defendant. There was evidence
of the following facts. At the invitation of the defendant
the plaintiff Hallett went with him on July 15, 1948, in an
automobile driven by him to the Palm Gardens, an eating

---

[1] The companion case is that of James R. Ahearn against the same de-
fendant.

place in Peabody, for dinner. At dinner the defendant had a drink with whiskey in it. The plaintiff Hallett did not remain with him all the evening. Early in the morning they started for her house in Marblehead. She sat in the front seat with the defendant, who drove. The plaintiff Ahearn and another man got into the rear seat, to be taken home to Salem. The defendant, the plaintiff Hallett testified, was not drunk. Other testimony was that the defendant had another drink containing whiskey before leaving the Palm Gardens. More than one witness testified that at a point one hundred feet from the place of the subsequent accident the speed of the automobile was at least sixty miles an hour. The plaintiff Hallett asked Ahearn where he lived, and the defendant turned completely around toward Ahearn, who said "Watch the road." The automobile swerved to the right, and hit a pole, causing injuries to both plaintiffs. When Ahearn was in the hospital, the defendant visited him and said "Gee, I'm sorry. It was all my fault. I guess I must have had one too many," meaning one too many drinks of liquor.

Subject to the exceptions of the defendant, the judge denied his motions for a directed verdict in each case. The defendant excepted to an instruction that there was evidence warranting a finding of gross negligence on the part of the defendant. The defendant also excepted to the denial of his motions for a new trial, but does not argue any point on his motions not open under his other exceptions. All the exceptions depend upon one question, and that is whether the evidence warranted a finding that the defendant was grossly negligent.

There was evidence that while travelling at a speed of sixty miles an hour, the defendant, disregarding the warning of a passenger, took his eyes off the road and turned around. Even if his inattention was momentary, it has to be considered with reference to the speed and the consequent danger. *Granger* v. *Lovely*, 302 Mass. 504. *Dinardi* v. *Herook*, 328 Mass. 572. Although there was no direct evidence that the defendant had more than two drinks of

intoxicating liquor, there was opportunity for him to have had more, and there was evidence of his admission that he had had "one too many." That in substance was an admission that he was operating while under the influence of intoxicating liquor, and that is a crime. G. L. (Ter. Ed.) c. 90, § 24, as amended. Taking all the circumstances in combination, we think that a finding of gross negligence was warranted. With the burden of proof on the defendant, the plaintiffs could not be pronounced guilty of contributory negligence as matter of law.

*Exceptions overruled.*