Aron Steuer, J.
The action is for damage to merchandise delivered by plaintiff to defendant for the purpose of having the material worked into draperies. There is no dispute that the merchandise was damaged or that the damage resulted from a fire that occurred in defendant’s place of business at 4 o’clock in the morning of October 21,1953.
Under these circumstances the substantive law is quite clear. Defendant was under a duty to use care in keeping the goods and is obliged to go forward with the proof to show that the damage to them was not the result of his negligence. Having done that, the burden would be on plaintiff to establish negligence.
There is little dispute about the physical facts. At the time of the fire the premises were closed and had been unoccupied for over eleven hours. No one saw the fire start but the physical evidence led an experienced fire marshal to the belief that it started in a pressing table, and this conclusion is not challenged. The table was of wood covered with layers of muslin. On it were two electric pressing irons, which were on stands when *804 not in use. The stands rested on the table. Power for the irons came from individual feeder lines, which in turn drew their power from a main feeder line running along the ceiling. Power in the irons was turned on or off by pull switches also suspended from the ceiling. Connected with the switches were lights which showed red when the current was on. If one of these signal light bulbs burned out there was no immediate way of knowing whether the current was on or off, except possibly from the heat of the iron. The irons had a device which regulated the flow of current to either “ high ” or “ low ” but just what degree of heat was thus generated does not appear. On the day preceding the fire the irons were set at ‘ ‘ low ’ ’. Two operators used the irons and on October 20th they were in almost continuous use. .
The trial took place three years after the fire and neither the operators nor the defendant had any recollection of the specific material operations of the day. They were only able to testify to their usual acts. As to the operators, when the day’s work was done they pulled the switches. Neither could recall whether the red light bulbs, or either of them was functioning. The defendant after these and his other operators had left put out all lights, locked the premises and pulled a master switch in the hall. As to this latter, it controlled lights in the premises but whether it affected the feeder line over the pressing table does not appear. There was no short circuit in the lines serving the irons after the fire. Upon these facts the fire marshal reached the conclusion that the cause of the fire was not fully ascertained but that it may have resulted from an electric appliance left in circuit. The latter represented his belief.
In addition defendant told the fire marshal that in closing up he might possibly have pulled the cord turning an iron on. He told another witness that if the signal bulb had burned out he might have done this.
It is these admissions that present the only issue of law in the case. The court stated regarding them “I do not accept the testimony of any witness concerning admissions allegedly made by the defendant. ’ ’ This result was undoubtedly brought about by argument on the admissibility of the testimony and a memorandum on the value of it in which a very confused picture of the law was presented for the court’s consideration.
Admissions are not the lowest (least credible) form of testimony but on the contrary are the most persuasive form of proof that exists. Admissions in an answer establish beyond controversy the admitted portions of a complaint. The same *805 weight is to he given by admissions on the trial. However proof of admissions is subject to the same infirmities that other proof is subject to. In order for the testimony to establish an admission it must first be believed. The first test of credibility is whether the issue is controverted. Here the defendant did not deny the statements attributed to him though he did not recall making them. While the weight of the testimony is for the trier of the facts the testimony is not to be disregarded and not being inherently improbable and coming from an independent source not shown to be in any way biased or interested it should have serious consideration.
In a case which from its nature cannot be established with absolute certainty and determination must rest on probability, failure to consider important evidence is error. It may be that the court meant that the proof of the admissions was not acceptable, but no reason why it should not have been was shown.
The judgment should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.