Rttssull G-. Hunt, J.
This claim is to recover damages arising from the appropriation of a 25-acre tract of land located in the Town of Brighton, Monroe County. The taking was pursuant to section 30 of the Highway Law for public highway purposes. The map and description were filed in the office of the State Department of Public Works on March 15, 1957: in the office of the Department of State on March 19, 1957; in the office of the Monroe County Clerk on May 20, 1957, with the notice of appropriation, and, the same were served on the claimant on August 30> 1957. The claim was filed on September 20, 1957.
Under date of September 4, 1956, the claimant contracted to purchase for $25,000 the land appropriated by the State and the same was conveyed to him by deed dated December 6, 1956, and recorded on December 7, 1956. In September, 1956 the claimant commenced the work of a real estate subdivision development.
The claimant is a real estate broker and builder of a number of years experience. He established that from the latter part of 1955 he was actively endeavoring by advertisements and otherwise to acquire land for a subdivision development and eventually he learned of the availability of the tract of land herein. Shortly after he obtained the contract he had his surveyor commence the preparatory work. This work continued until the claimant was notified in January, 1957, that the land would be required by the State. The notification was by letter dated January 17, 1957 wherein the District Engineer for the State Department of Public Works confirmed oral advice given to the claimant on January 9, 1957, that the State would require his land and that he should discontinue his ‘ preparation of maps or engineering data, in connection with your proposed subdivision ”. This is a persuasive acknowledgment of the intended use (B. Altman & Co. v. Lewis, 8 Misc 2d 802). The claimant discontinued his work and this claim followed. There is “ no. reason why the citizen, whose land is taken in invitum, *1079 should suffer any financial loss that may be prevented by awarding him * * * damages ” (South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301, 306). And, he is entitled “ to receive the fair market Yalue of property taken from him based on the most advantageous use to which it can be put ” (Hazard Lewis Farms v. State of New York, 1 A D 2d 923, 924). Both parties agree that the highest and best use of the land is for a real estate subdivision.
The tract of land is about three miles from the City of Rochester and is on the east side of Winton Road and Schutt Road with a frontage of 450 feet and a depth extending 2,430 feet easterly; a small brook meanders through the westerly quarter of the tract and the principal problem it presents is one of expense to make it conform to the plans of the developer. The tract is in a rapidly growing and expanding neighborhood wherein there exists a demand for new houses. The quality of existing construction is good and is protected by a town zoning ordinance under which the area is classified as being in a B residence zone and wherein the minimum size of lots is 90 feet in front by 150 feet in depth together with other provisions which tend to preserve the good quality of the neighborhood. Adjoining and nearby tracts have been developed or are under development; two new schools have been constructed or are under construction, and, a site of 25 acres has been acquired for another, all of which are nearby. Because of the lay of the land, the installations of water and sanitary and storm sewers present a problem. At the time of the appropriation the land was not in a water or sewer district although the lines of both districts extended partially along the north boundary of the land. These utilities could be made available to the most easterly part of claimant’s tract and it was his plan to conduct the development in three stages: first, a tract of 21 lots lying to the east of Aldonia Drive; second, a tract of .10 lots lying to the west of Aldonia .Duive; and, third, the balance of the land consisting of 20 lots of approximately 10 acres.
The claimant’s experts appraised the tract at $3,000 per acre, or, $75,000 for the whole. The State’s expert appraised the total acreage at $27,000.
Sales of acreage in the vicinity range from several hundred dollars per acre to $2,295 per acre with the highest prices paid being for land fronting on Winton Road and within the water and sewer districts (a 6.88-acre parcel of land on Winton Road was sold for approximately $3,778 per acre). The prices *1080 paid are not uniform and undoubtedly reflect a variety of factors. They do, nevertheless, bear upon the market value of land in the vicinity and have been taken into consideration also. Undoubtedly, claimant made an advantageous purchase which one in his business, could best exploit; however, it would appear that its development, as planned by the claimant, would be accompanied by ‘difficulties, problems and expense (including those inherent in the three-stage development, referred to above) which are not common to other real estate subdivision developments. This, too, has been considered on the issue of present market value. The best use for the tract, both sides agree, is for a real estate subdivision.
The State would advance the theory that the price claimant paid for the property in the prior year established its market value; albeit, and, inconsistently, increased by a factor selected by its appraiser which increased the market value $2,084 over the price paid by claimant. The factor was selected as representing the increase in market value of the tract for the period of time it was held by the claimant. Thus, and, in spite of the theory it advanced, the State does not dispute that the proper measure “ is not the cost to the claimant but the fair market value for the highest and best use at the time of appropriation ” (Levin v. State of New York, 8 Misc 2d 33, 41).
Upon all the evidence, it is found that the fair market value of the property herein at the time of the appropriation was $35,500.