Russell G. Hunt, J.
These two claims seek to recover damages arising out of an automobile accident allegedly resulting from the negligence of the State in the maintenance and repair of that part of State Highway, Route No. 30, between Perth Center, Fulton County, on the south, and Yail Mills on the north. They were consolidated for the purposes of trial.
The driver of the car, William Harrison, 26 years of age, one of the claimants, seeks to recover for personal injuries to himself and damage to his automobile, and, as administrator of the estate of his wife, Pearl B. Harrison, 42 years of age, who died as a result of the accident, he seeks to recover damages for her conscious pain and suffering and wrongful death.
The accident occurred at about 10:00 o’clock on the evening of December 24, 1953, as the car was being driven northerly on Route No. 30, a concrete highway, 20 feet in width, at a point where it curved to the left and about two miles north of Perth. The night was clear, dry and cold; the automobile’s.head lights were on highest brightness, the moon shone brightly and the claimant testified he could see the road ahead; nevertheless, the car went off the pavement. The highway had been under reconstruction from September 1 to December 23, when the work was suspended for the winter. The prior protective covering over the concrete consisted of a combination of asphalt and fine stone. This had become worn and the concrete pavement was to be again covered with an asphaltic concrete material, and, with the shoulders, was to be widened. The work under way, until the suspension for the winter, consisted of clearing and grubbing the shoulders, the removal of guide posts and other work off the pavement of the highway. In this work, the contractor used heavy machinery on the shoulders, and, at the time of the accident, the tracks left by the machines were frozen and a few of these were several inches in depth and width, but, they did not prevent automobiles from passing from the highway onto the shoulders and parking there. “The shoulder of a highway is not constructed to travel on and irregularities in the shoulder are not defects in the highway or a menace to the traveling public ” (Rafferty v. State of New York, 172 Misc. 870, 872, affd. 261 App. Div. 80; see, too, Kinne v. State of New York, 8 A D 2d 903); a shoulder is for use in an emergency (Farnham v. State of New York, 277 App. Div. 1015, *580 motion for leave to appeal denied 302 N. Y. 948); however, there was no evidence herein of an emergency.
The driver testified that on the afternoon of December 24 he had attended an office party and there consumed alcoholic beverages; thereafter, he had gone to his home in Amsterdam. Between 8:00 and 8:30 o’clock that evening he and his wife started on the ride northerly on Route No. 30. The accident occurred, the driver testified, at about 9:30 o’clock, but, later, upon cross-examination, he changed this to 10:00 o ’clock, which was the time given by disinterested witnesses, although, there was some testimony that the time was later. The driver was familiar with the highway because of frequent trips over it and he knew that its reconstruction had been under way for several months. He drove at a rate of speed of 40 miles per hour for about 8 miles and reduced the speed to about 35 miles per hour upon approaching the curve which he could see clearly. The automobile left the pavement at a place where the curve 1 ‘ started to straighten ’ ’, that is, at the end of the curve. On the day following the accident, at a hospital, the driver was questioned by a State Trooper and he then stated that the couple had left a party just before the accident and he did not know how the accident happened; he was lucid and clear at the time of these admissions. “Admissions * * * are the most persuasive form of proof that exists ’ ’ (B. Altman & Co. v. Lewis, 8 Misc 2d 802, 804). They were not rebutted and stand unexplained, although, it would have been competent for the driver to have offered an explanation (Chamberlain v. Iba, 181 N. Y. 486, 492). The driver attempted, upon the trial, to place the blame for the accident upon an unidentified obstruction in the highway which, he said, was hit by the front wheels of the automobile and the car was deflected to the easterly side of the roadway and a series of ridges in the pavement which were horizontal to the direction of travel caused the wheels to skid so that the car could not be controlled, and, it went off the pavement. The mere fact the car skidded, or, that an accident happened, however, is not sufficient to infer negligence (Coffey v. State of New York, 193 Misc. 1060, affd. 276 App. Div. 1049, motion for leave to appeal denied 301 N. Y. 813). Furthermore, it was contended, there were no adequate signs or markings along and on the highway so as to warn and inform travelers of dangers and hazards.
The evidence failed to show actual or constructive notice to the State of any obstruction in the highway, and, in fact, the driver did not meet with an obstruction thereon. The evidence established, too, that he encountered no emergency and was *581 not forced off the highway by reason thereof. The record does show that the automobile strayed off the roadway and struck a small mound of dirt at a mailbox which was five or six feet from the edge of the pavement and it then collided with additional boxes, and, thereupon the driver and the intestate were thrown out and the car continued on, crossed the highway, and went into a ditch on its west side. Undoubtedly, the condition of the shoulder contributed to the irregular course of the uncontrolled car after the collision with the mound of dirt and the mailboxes, but, such condition was not a proximate cause of the accident.
There were no ridges on the pavement, although, the fine stone covering had been worn down, and, in places, the worn condition was more prominent than in others, but, a dangerous or hazardous condition by reason thereof, or, because of the concrete foundation, was not presented. The pavement was level and in condition for travel and the evidence shows that cars had continuously passed the place of the accident on the same evening without mishap and in safety. 11 A highway may be said to be reasonably safe when people who exercise ordinary care can and do travel over it safely ” (Boyce Motor Lines v. State of New York, 280 App. Div. 693, 696, affd. 306 N. Y. 801). Art adequate and suitable highway, such as the one herein, does not impose liability upon the State, in favor of one who strays therefrom (Flansburg v. Town of Elbridge, 205 N. Y. 423).
Signs that construction work was under way were posted at the beginning of the work at the City of Amsterdam, on the south, from which the couple started on their ride, but, the claimants established that there were no warning or highway signs posted within a reasonable distance south of the place of the accident. While it is not permissible to assume or speculate that under the circumstances adequate warning signs would not have bee* heeded (Nuss v. State of New York, 195 Misc. 38, revd. 276 App. Div. 300, revd. 301 N. Y. 768), there is no basis for a finding that the driver of the automobile was taken by surprise at the time of the accident by the existence of the curve. The reduction of the speed of his automobile and his testimony that he could see the highway and the curve negative nonexpectation. The adsence of adequate warning signs, therefore, did not cause the driver to do anything other than what he would have done had the signs been present (Applebee v. State of New York, 308 N. Y. 502). This case is thus distinguishable from Murphy v. De Revere (304 N. Y. 922); Eastman v. State of New York (303 N. Y. 691) and Nuss v. State of New York (supra) wherein the very absence of signs *582 rendered the drivers unaware of the need for stopping before proceeding. The scarcity of signs was not a proximate cause of the accident herein.
The admissions made by the driver out of court are evidence against him that the facts they state are true (Gangi v. Fradus, 227 N. Y. 452) and with the other evidence, justify the inference that the consumption of alcoholic beverages continued at the party and was the cause of his not knowing how the accident occurred. These extra-judicial statements against interest contradicted and were inconsistent with his claim and there was no rebuttal of the evidence that they were made understandingly and deliberately and they are not overborne by the other facts in evidence. They do answer the question left unanswered on the claimants’ cases as to the whereabouts of the couple from the time they left Amsterdam until the accident, a period of time of one and one-half to two hours during which they travelled only eight miles while the car was being driven at a rate of speed of 40 miles per hour.
The administrator " had nothing more to say or to offer ” (Deeley v. Heintz, 169 N. Y. 129, 134) on his case, and, since the cases were consolidated for trial purposes, it is presumed that what the driver had to offer concerning his conduct and the control and operation of his car was relied upon in the estate’s case as well as his own; his testimony, however, was colored by his interest in the outcome and his lack of reliability was demonstrated (Goldsmith v. Coverly, 75 Hun 48).
In reason and sound judgment the conclusion is inescapable that, prior to the accident, the driver had consumed alcoholic beverages to such an extent that he was unable to control his automobile so as to keep it on the pavement.
This accident would not have happened but for the manner in which the driver operated his car just before the accident. He was negligent and such was the sole proximate cause. Any different finding upon the facts would be "mere speculation” (Tortora v. State of New York, 269 N. Y. 167, 170) and the result of " conjecture ” (White v. Lehigh Val. R. R. Co., 220 N. Y. 131,135).
The rule that the negligence of a driver who is also the husband and administrator of the estate of a deceased passenger is not to be imputed to the passenger (Jenks v. Veeder Contr. Co., 177 Misc. 240, mod. 264 App. Div. 979, affd. 290 N. Y. 810), is not applicable in a case, such as here, where the negligence of the driver is the sole cause of the accident and negligence cannot be attributed to another.
*583 The claimants have failed to establish, by a fair preponderance of the evidence, any negligence on the part of the State, and, accordingly, the claims are dismissed.
The foregoing constitutes the decision of this court and upon which judgments may be entered pursuant to section 440 of the Civil Practice Act.
Let separate judgments be entered accordingly.