396 P.2d 17

Frank D. SAX, and Mabel Sax, husband and wife, and Beverley B. Sax, Appellants,

v.

Bernard Lee KOPELMAN and Sandra F. Kopelman, husband and wife, Appellees.

No. 7350.

Supreme Court of Arizona.

En Banc.

Oct. 21, 1964.

McKesson, Renaud & Cook, Phoenix, for appellants.

Langerman & Begam, Phoenix, for appellees.

BERNSTEIN, Justice.

Appellants were defendants in a suit arising out of an automobile accident. During the course of the trial the defendants made motions for a directed verdict and, after a verdict and judgment for the plaintiffs, made motions for judgment n. o. v. and for a new trial. All of these motions were denied and defendants appeal from the judgment against them.

At 8:00 A.M. on the morning of the accident defendant Beverley Sax, daughter of the other two defendants took the older of two family cars to drive a friend to school. The car was a 1951 Lincoln. Beverley drove east on Garfield Street toward 16th Street in Phoenix. Sixteenth Street is a four-lane favored highway and Garfield Street is a two-lane street which crosses it. There are stop signs on Garfield at the point it intersects with 16th Street.

The morning of the accident, 16th Street was very congested with morning rush hour traffic. Mrs. Kopelman was driving her husband to work and was traveling 20 to 25 miles per hour. She was going south on 16th Street and was traveling in the

lane next to the curb. Beverley was also traveling 20 to 25 miles per hour. About 100 feet from 16th Street she stepped on the brakes to stop at the 16th Street stop sign. The brakes failed and did not slow her car. By the time she came to the intersection the car had lost some momentum and was going from 15 to 20 miles per hour. Just before Beverley came to the intersection she pulled the mechanically operated emergency brake all the way on but it did not work either. Beverley testified she had not tested or had occasion to use either the hand or foot brake from the time she left the house until she unsuccessfully tried to stop the car. As she came to the corner of Garfield and 16th Streets Beverley swerved to the right and with her left front fender hit the car in which the plaintiffs were driving. The impact on plaintiffs' car was at the right side.

Defendants' assignments of error fall into three catagories: (1) The trial judge erred in charging the jury on the lack of contributory negligence; (2) there was no evidence of negligence, and (3) the verdict was excessive.

■ The judge charged the jury that there was no evidence of contributory negligence and that the issue of contributory negligence was to be decided in favor of the plaintiffs. Appellants contend that the giving of this instruction was a comment on the evidence and is in violation of Art. 18, § 5, Arizona Constitution, A.R.S. The instruction is not a comment on the evidence. It is a mandatory instruction on one of the issues in the case. As such it has the effect of a directed verdict on that issue.

■ We have held that Art. 18, § 5, Arizona Constitution prohibits the trial judge from instructing the jury that they "must" find for the defendant on the issue of contributory negligence. Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444; Lutz v. Faith, 95 Ariz. 40, 386 P.2d 85. But this does not mean that the trial judge must submit the issue of contributory negligence to the jury where there is *no* evidence from which a reasonable man could find the plaintiff guilty of contributory negligence.

As we said in Morris v. Aero Mayflower Transit Co., 73 Ariz. 390, 394, 242 P.2d 279, 281:

"We therefore hold that the trial court erred in submitting the question of contributory negligence to the jury for the reason that there is *no* evidence in the record from which the jury could have reasonably inferred that plaintiffs were on the west half of 48th Street when struck by the Reilly car. Even though an issue may be raised by the pleading,

unless it is supported by evidence it is not proper to instruct upon it." (Emphasis supplied.)

See also Mitchell v. Colquette, 93 Ariz. 211, 379 P.2d 757; Citizens Utilities Co. v. Firemen's Ins. Co., 73 Ariz. 299, 240 P.2d 869; Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319.

■ Defendants further contend that even though the issue of contributory negligence should not be submitted to the jury where there is no evidence to support that issue, Art. 18, § 5 of the Constitution prohibits the trial court from *instructing* the jury that there is no evidence of contributory negligence. We cannot accept this argument. It makes no sense to us to allow a defendant who has no evidence of contributory negligence to assert this defense in his answer, read the answer to the jury, argue the issue during the course of the trial and then leave the issue in limbo when the court instructs the jury. We are of the opinion that the only effective way of "not submitting the issue to the jury", Morris v. Aero Mayflower Transit Co., supra, under such circumstances is to withdraw the issue of contributory negligence from the jury's consideration.

Such a conclusion is in accord with the language of Art. 18, § 5 of the Arizona Constitution. That section reads:

"The *defense* of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a *question* of fact and shall, at all times, be left to the jury." (Emphasis supplied.)

Where there is no evidence of contributory negligence there is no proper "defense" of contributory negligence and there is no "question" of contributory negligence to be submitted to the jury and it would be error to allow the jury to consider that issue. See e. g. Mitchell v. Colquette, supra; Southern Pac. Co. v. Baca, 77 Ariz. 173, 268 P.2d 968; Southwest Cotton Co. v. Clements, 25 Ariz. 169, 215 P. 156. We hold, therefore, that where contributory negligence has been pleaded as a defense and where there is no evidence from which a reasonable man might infer that contributory negligence might exist the trial judge must withdraw the issue from the jury.

■■ The trial court should be hesitant, however, about giving a mandatory instruction in favor of plaintiff on the issue of contributory negligence. As the effect of such an instruction is to direct a verdict for the plaintiff on that issue this court has taken that view of the evidence most favorable to the defendant here and give the defendant the benefit of all inferences that may reasonably be drawn from the evidence. Davidson v. Wee, 93 Ariz. 191,

379 P.2d 744; Davis v. Weber, 93 Ariz 312, 380 P.2d 608.

■ Defendants next contend that the driver of plaintiffs' car was under a duty to have observed that Beverley was not going to stop. They contend that plaintiffs' driver should have taken evasive action to avoid the accident and further that there was evidence from which reasonable men might infer that she had violated this duty and was therefore contributorily negligent. We have recently discussed the duty of a driver on a favored highway where another driver does not stop at a stop sign. In Egurrola v. Szychowski, 95 Ariz. 194, 197, 388 P.2d 242, 243, we said:

> "His right-of-way is not absolute. He must maintain that degree of care which a reasonably prudent person would use to discover dangerous situations and avoid injury to others."

Appellants claim that Beverley turned right on entering 16th Street and that plaintiff could have swerved to the left to avoid the accident. To support this position appellants must show that plaintiffs' driver could have swerved to the left. In support of this they refer us to the testimony of Beverley that:

"Q Were there any cars *immediately* to the left of the Kopelman car as you approached the intersection? I don't mean whether there were other cars within the center lane, but any cars as you now recall *immediately* to her left? (Emphasis supplied.)

"A No."

Appellants' argument is that because there was no car "immediately" to the left of plaintiffs' car she could have swerved. This overlooks the rest of Beverley's testimony. The next questions and answers asked of and given by Beverley were:

"Q Were there other cars that—in the center lane, however?

"A Yes, there were.

"Q Whereabouts in relation to her car? Front and back, or just front, or where—if you can tell us?

"A Well, I remember one about her rear front [sic] fender because, well, I saw all of those altogether and I am not sure even there was one behind there because he pulled out and went around.

"Q Within her same lane?

"A Yes, sir."

Beverley also testified that there were cars behind plaintiffs' car that went around the car after the accident.

■ The only conclusion which could be reached by reasonable men is that plaintiffs' car was trapped in place in two lines of

heavy traffic and there was no chance for plaintiffs' car to move any way but straight ahead. Under the most favorable interpretation of the testimony of defendant the only evasive action that plaintiff could have taken would have been to make her car move at right angles to the left.

Defendant next contends there was no evidence of negligence. We will view the evidence on this issue in the light most favorable to the plaintiff. Davidson, supra; Davis, supra. Appellant testified that her foot brake failed. She did not touch the hand brake until she came to the intersection and it too failed. Sec. 28–952 A.R.S. provides that every motor vehicle shall be equipped with adequate brakes including two separate means of applying the brakes to at least two wheels. The jury could have found that the accident was the result of the precise danger that the statute was designed to prevent, i. e. that under no circumstances will the motor vehicle be operated on the public highway without brakes on at least two wheels.

The verdict and judgment in this case was $15,000. We have examined the record and find appellants' claim that the verdict was excessive to be without merit.

Affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and SCRUGGS, JJ., concurring.