470 P.2d 487

John PROPHET and Martha Prophet, husband and wife, Appellants,

v.

S. H. KRESS COMPANY, Appellee.

No. 1 CA–CIV 1049.

Court of Appeals of Arizona,
Division 1,
Department A.

June 10, 1970.

Rehearing Denied July 8, 1970.
Review Granted Sept. 22, 1970.

**340**

Benton & Case, by F. Keith Benton, Yuma, for appellants.

Westover, Keddie & Choules, by Tom C. Cole, Yuma, for appellee.

CAMERON, Judge.

This is a suit for personal injuries sustained by the plaintiff, Martha Prophet, as a result of a "slip and fall" accident. The jury returned a verdict for the defendant. From a denial of a motion for a new trial plaintiffs appeal.

We are called upon to determine whether it was error to instruct the jury upon the issue of contributory negligence.

The facts viewed in a light most favorable to sustaining the instruction given by the trial court indicate that on or about the 8th day of November, 1967, the plaintiff, Martha Prophet, slipped and fell while leaving the premises of the S. H. Kress Company thereby sustaining severe injuries to her left knee and leg.

At the trial several witnesses testified concerning plaintiff Martha Prophet's remarks after the accident. One Mildred Tout testified:

"Q Can you tell me what, if anything, she said about her shoes?

"A She said that she had fallen with those shoes. She showed me a bruise or a scratch on the other leg, knee or leg, where she had fallen before. It was scabbed over.

"Q What did she say specifically, if you can recall, about her shoes?

"A She just said these shoes, 'I have fallen with these shoes before; I should have thrown them away, and I should have got some new ones.' And she said that is why she had come to the store, to get new shoes.

"Q Who was she talking to then?

"A To everyone around. We were all standing there close, not directly, I don't think her answers were to anyone in particular."

Plaintiff Martha Prophet testified that she had previously fallen while wearing the same shoes:

"Q Tell what you were doing?

"A Well, I went across to the neighbors. They (sic) was, someone, I don't know who, had trimmed up some lemon trees, and there was a lot of nice big nice lemons just going to waste * * * and I made a run, and I run and I jumped across, I made it across, I jumped across the flower bed. * * *

\*     \*     \*     \*     \*     \*

"Q All right. Now, the surface that you jumped from, what type of surface was it?

"A Cement.

"Q And on what type of surface did you land on on that occasion?

"A Cement.

"Q  Had you ever fallen or slipped in these shoes other than on that occasion?

"A  No.

\*     \*     \*     \*     \*     \*

"Q  All right.  Speak up, please.  What happened to cause you to fall on that occasion?

"A  Well, when I jumped why my dress, skirt or dress, whatever you want to call it, was kind of narrow, and it knocked my legs from me, and I fell."

The shoes were put in evidence and are present in this Court's file.  They are "loafer" type shoes, also called "flats", of soft leather and a "low" heel of hard plastic.  There is nothing unusual about the shoe that would indicate that they were dangerous.  Indeed, the testimony indicated that the same identical shoe was sold in defendant's store on the day of the accident.

The trial court gave an instruction on contributory negligence and the plaintiff urges that the giving of the instruction was erroneous for the reason that the evidence failed to present a fact issue on this theory.

■ In Arizona, "[t]he defense of contributory negligence \* \* \* shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury", Ariz.Const., Art. 18, § 5 A.R.S., and the jury should be instructed regarding contributory negligence so long as the instruction finds reasonable support in the evidence.  Eck v. Helene Curtis Industries, Inc., 9 Ariz.App. 426, 453 P.2d 366 (1969), Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107, filed 27 May 1970.

"\* \* \* We think, however, that this rule does not go to the extent of permitting a jury to find contributory negligence on the part of a plaintiff when there is no evidence from which any reasonable man might reach such a conclusion, as such a finding would clearly be actuated by passion and prejudice, and it would be the duty of the court to set it aside.  Unless, therefore, there was some substantial evidence from which a reasonable man might have inferred it existed, the court should not have submitted the issue to the jury. \* \* \*."  Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 173, 70 P.2d 319, 322 (1937).  See also Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325 (1947).

■ Although the words of the plaintiff might indicate her belief that the wearing of these shoes in some way contributed to the accident, we do not believe the evidence indicates that there was, in fact, a causal connection between the wearing of these shoes and the fall.  Most shoes can, to some degree, contribute to the fall of a person on a slippery floor as was indicated herein, but this does not mean that a person must walk barefoot to be free from contributory negligence in a slip and fall case:

"It is held that the standard of care to be employed in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances."  Stoes Brothers, Inc. v. Freudenthal, 81 N.M. 61, 463 P.2d 37, 39 (1969).

And:

"The evidence as to the circumstances of the accident showed that appellant, while holding on to the handrail, and descending the stairs slowly, had taken only one or two steps when she slipped and fell on the icy stairs.  There were no facts indicating that she had acted other than as a reasonably prudent person, concerned with his own safety, would have acted.  On these facts reasonable minds could reach only one conclusion: that appellant was not negligent."  Cummins v. King & Sons, Alaska, 453 P.2d 465, 467 (1969).

We do not believe that the wearing of these shoes at this place, in light of her previous fall, raised an inference that plaintiff as an ordinary prudent person was negligent in wearing the shoes in the store.  The defendant must expect that many different types of footwear are in

common everyday use and that a slippery surface may cause a person to fall regardless of the shoes ordinarily worn by the public. Collins v. Kienow's Food Stores, Or., 444 P.2d 546 (1968).

We cannot look into the mind of a jury to determine whether the result might have been the same without the instruction on contributory negligence. However, there being no evidence to warrant a conclusion that the plaintiff was in fact contributorily negligent, we believe it was error to so instruct:

> "Where there is no evidence of contributory negligence there is no proper 'defense' of contributory negligence and there is no 'question' of contributory negligence to be submitted to the jury and it would be error to allow the jury to consider that issue. (citations omitted) We hold, therefore, that where contributory negligence has been pleaded as a defense and where there is no evidence from which a reasonable man might infer that contributory negligence might exist the trial judge must withdraw the issue from the jury." Sax v. Kopelman, 96 Ariz. 394, 397, 396 P.2d 17, 19 (1964).

Plaintiff raises other matters for consideration on appeal. However, we do not believe it necessary to consider them at this time as they are of a nature that if there were error they are not likely to be repeated.

The judgment of the trial court is reversed and remanded for a new trial.

DONOFRIO, P. J., concurs.

JACOBSON, Judge (dissenting).

I must respectfully dissent from the conclusions reached by a majority of this court. The sole question decided in the majority opinion is whether there was sufficient evidence to submit to the jury the question of plaintiff's contributory negligence.

In addition to the statement made by the plaintiff as to the effect of her shoes on her fall—she announced at one point following her fall "throw these darn things away, this is the second time they have made me fall"—there was also testimony that plaintiff was hurrying to another appointment and that she had been in defendant's store on several occasions and was familiar with the terrazzo tile in front of defendant's store.

While a trial judge may commit error by submitting the issue of contributory negligence to the jury where there is no evidence from which reasonable men could find such negligence, Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964), if there is any evidence from which plaintiff's contributory negligence may be inferred this issue must be submitted to the jury. Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968).

This can become a game in semantics—was there evidence or wasn't there evidence? This question must be tested by the same measure that tests the submission to the jury of any other fact question. If reasonable men might reach different conclusions from the facts as to the existence of negligence or contributory negligence, then such questions are for the jury. Bowers v. J. D. Halstead Lumber Co., 28 Ariz. 122, 236 P. 124 (1925); Campbell v. English, 56 Ariz. 549, 110 P.2d 219 (1941); Figueroa v. Majors, 85 Ariz. 345, 338 P.2d 803 (1959); State ex rel. Industrial Commission v. Standard Oil Co. of Calif., 3 Ariz.App. 389, 414 P.2d 992 (1966).

The majority of this Court would find that reasonable men could not differ on the question before us because "we do not believe the evidence indicates that there was, in fact, a causal connection between the wearing of these shoes and the fall." I have also viewed the shoes involved and while they appear to be ordinary shoes, plaintiff's statement that they caused her to fall coupled with plaintiff's hurrying and her prior knowledge as to the type of surface she was walking on, to me gives rise to a fact question as to causation. I

would not usurp the jury's function of resolving this question of fact.

The majority also sustain their holding that reasonable men could not differ as to the question of contributory negligence by taking as true plaintiff's explanation of her previous fall. The majority states "we do not believe that the wearing of these shoes at this place *in light of her previous fall* raised any inference that plaintiff as an ordinary prudent person was negligent in wearing the shoes in the store." (Emphasis added.)

The credibility of witnesses and the weight to be given their testimony are within the province of the jury. Tom Reed Gold Mines Co. v. Brady, 58 Ariz. 44, 117 P.2d 484 (1941). When viewing the evidence in a light most strongly in favor of supporting the jury's verdict, as we must do on appeal, it is conceivable that the jury believed plaintiff's statement made at the time of the accident, while she was sitting on the sidewalk hurt and humiliated, that her shoes made her fall and did not believe the statement she made in court, after time for reflection, that her narrow skirt caused her to fall the first time. Neither I nor the other members of this court saw the plaintiff, viewed her demeanor or heard her testify. Because of this I will not, and this court should not, substitute its judgment for that of the jury as to what portion of this witness's testimony is capable of belief.

Plaintiff's out-of-court statement that her shoes caused her to fall came before the jury as substantive evidence. What weight this evidence was to be given was for the jury. As was stated in Holmes v. Gross, 250 Iowa 238, 93 N.W.2d 714 (1958):

"Appellant emphasizes the fact that when plaintiff was found at the bottom of the stairway he told defendant's husband the fall was his own fault; he also told defendant the same when she visited him at the hospital. He was seriously injured and in some shock, when found at the bottom of the stairway, and seriously sick in the hospital, and his statements under such circumstances *while proper for consideration by the jury*, are not conclusive as to contributory negligence. * * *

* * * * * *

"The circumstances and conditions were such that the trial court was correct in overruling the motion for directed verdict on the ground of contributory negligence, and in submitting the question to the jury." (Emphasis added.) 93 N.W. 2d, at 719 and 720.

Plaintiff's statement coupled with her hurrying and prior knowledge would, in my opinion, cause reasonable men to differ as to whether plaintiff was guilty of contributory negligence. This issue, then, was properly submitted to the jury and its determination is binding on this appellate court.

I would affirm the judgment of the trial court.