**504**

479 P.2d 167

**John PROPHET and Martha Prophet, husband and wife, Appellants,**

**v.**

**S. H. KRESS COMPANY, Appellee.**

**No. 10127–PR.**

Supreme Court of Arizona,
In Banc.
Dec. 30, 1970.

---

Benton & Case, Yuma, for appellants.
Westover, Keddie & Choules by Tom C. Cole, Yuma, for appellee.

STRUCKMEYER, Vice Chief Justice.

This is an appeal from a judgment entered on a jury's verdict in favor of appellee in a case in which appellant sought damages for injuries received in a fall while leaving appellee's store. The Court of Appeals, 12 Ariz.App. 339, 470 P.2d 487 (1970), with one Judge dissenting, reversed and remanded for a new trial. Opinion of the Court of Appeals vacated.

Appellee's store is located on the west side of Main Street in Yuma, Arizona, fronting in an easterly direction. It has two entrances, one on the north and one on the south of the front of the store. On November 8, 1967, the appellant Martha Prophet entered the store through its south entranceway for the express purpose of buying shoes to replace the ones she was wearing. Failing to find a pair she liked, she left the store through the entrance on the north, walking, as she testified, "maybe a little swiftly." Just after appellant passed through the door, she slipped and fell, sustaining severe injuries to her left leg.

Appellant testified on direct examination that she had only fallen once before while wearing the shoes she had on at the time she fell; that the prior fall occurred under dissimilar circumstances since it involved jumping a flower-bed from a cement surface to a cement surface; and that the prior fall was caused by her narrow dress which knocked her legs out from under her. The appellant's shoes were placed in evidence. They were of a type commonly known as "flats," made of a very soft imitation leather with a low heel of hard plastic. Appellee's store sells an almost identical shoe.

Appellant complains of the sufficiency of the evidence to sustain the submission of an instruction to the jury by the lower court on contributory negligence.

We have said the test of negligence is whether in the light of existing dangers one is exercising ordinary care for his own safety, Bryant v. Thunderbird Academy, 103 Ariz. 247, 439 P.2d 818. We have also said that if the evidence was such that reasonable men might differ as to whether an act was performed while exercising ordinary care the decision was for the trier of facts, Campbell v. English, 56 Ariz. 549, 110 P.2d 219. The question here is whether the facts of this case reasonably present a question of whether the appellant was exercising ordinary care for her own safety at the time of the accident.

As to this question, three witnesses testified to certain statements made by the appellant immediately after her fall. One witness testified:

"Q  Did you overhear Mrs. Prophet making any statements at that time, did she say anything?

A  Yes.  While we were trying to make her comfortable for the arrival of the ambulance, I asked her if she wanted a drink of water and she said yes. I got her a drink of water.  And she said, 'Oh, honey, don't worry, I will be all right.  I have fallen in these shoes before.'

And she told her companion to take these shoes and throw them just as far as she can throw them."

Another testified

"Q  Can you tell me what, if anything, she said about her shoes?

"A  She said that she had fallen with those shoes.  She showed me a bruise or a scratch on the other leg, knee or leg, where she had fallen before.  It was scabbed over.

"Q  What did she say specifically, if you can recall, about her shoes?

"A  She just said these shoes, 'I have fallen with these shoes before; I

should have thrown them away, and I should have got some new ones.'  And she said that is why she had come to the store, to get new shoes.

"Q  Who was she talking to then?

"A  To everyone around.  We were all standing there close, not directly, I don't think her answers were to anyone in particular."

A third testified:

"Q.  Okay.  Can you tell us what was said by Mrs. Prophet?

A  Some—they started to pick her up and put her on the stretcher.  And there was some woman who I don't know it was started to pull her shoes off.  And she said, 'Throw those darn things away, this is the second time they have made me fall.'"

The general rule is that statements either oral or written made by or attributable to a party to an action which tend to establish or disprove any material fact in the case constitute admission against interest and are competent evidence in the action.  Deike v. Great Atlantic and Pacific Tea Co., 3 Ariz.App. 430, 415 P.2d 145; Pope v. Pope, 102 Cal.App.2d 353, 227 P.2d 867; Casey v. Burns, 7 Ill.App.2d 316, 129 N.E.2d 440; Hallett v. Rimer, 329 Mass. 61, 106 N.E.2d 427; Lowen v. Pates, 219 Minn. 566, 18 N.W.2d 455; Dorn v. Sturges, 157 Neb. 491, 59 N.W.2d 751; Harrison v. State, 19 Misc.2d 578, 197 N.Y.S.2d 662.

■  When shortly after the accident the appellant said that she had fallen before with these shoes and should have thrown them away and should have got some new ones, she made statements against interest. Her admissions could have been taken by the jury as establishing why she fell. They, together with the type of shoes she was wearing, were sufficient to present the issue of contributory negligence.  Vollstedt v. Vista-St. Clair, Inc., 227 Or. 199, 361 P.2d 657.

■  Appellant further complains that it was error to fail to strike certain testi-

mony which compared the slipperiness of the tile in front of appellee's store with tile in front of another store. The testimony was to the effect that the comparison showed that the results of rubbing the appellant's shoes upon the tile in front of both stores was about the same. A comparison of the tile in front of appellee's store with the tile in front of another store showing that they were about the same in slipperiness does not appear to have any material significance to any issue in the case. But we do not think the failure to strike the testimony was prejudicial error; rather, we believe it was inconsequential.

Judgment affirmed.

LOCKWOOD, C. J., and UDALL, McFARLAND and HAYS, JJ., concur.