491 P.2d 460

**George HLAVATY and Shirley Mae Hlavaty, husband and wife, Appellants,**

v.

**Jack J. SONG and Alice Song, his wife, d/b/a China Lil Restaurant, Appellees.**

Supreme Court of Arizona,
In Banc.
Dec. 6, 1971.

Evans, Kitchel & Jenckes by Robert R. Mills and Leon D. Bess, Phoenix, for appellants.

Jack M. Anderson and Stephen L. Weiss, Phoenix, for appellees.

CAMERON, Justice.

This is a petition for review of an opinion and decision of the Court of Appeals which affirmed the trial court's directed verdict in favor of the defendant restaurant owner in a "slip and fall" case.

We are called upon to determine:

1. whether there was sufficient evidence of negligence on the part of the defendant to require that the matter be submitted to the jury for decision, and

2. the admissibility of the absence of similar accidents.

Viewing the facts in a light most favorable to the party against whom the directed verdict was granted, Tanner v. Levie, 105 Ariz. 149, 460 P.2d 995 (1969), the testimony indicates that Mrs. Hlavaty was a frequent visitor to the defendant Song's restaurant. On the evening in question, she was wearing high heels with leather soles. She did not wait to be seated by Mr. Song or Mr. Hlavaty. She testified:

"* * * I squeezed in between the table and the screen and pulled the chair out to seat myself because it was really tight quarters and I didn't think George [Hlavaty] could seat me so I pulled it out and I went ahead and just sat down, and started to sit and just as I started to plant my seat my chair went backwards and I fell out of the front of me and I just hit the floor bang."

Mrs. Hlavaty further testified concerning Mr. Song's statement at the time as follows:

"Q Did he say anything else to you or to anyone in your group?

"A Yes, he did.

"Q Would you please tell the Jury what he said at that time?

"A He said, 'Gee, I was afraid something like that was going to happen, the floor is just polished too highly'."

Mrs. Hlavaty, on cross-examination, stated:

"Q  I'll ask you again; do you think if you had put all your weight squarely in the chair you would have had this fall?

"A  No, probably I wouldn't.

"Q  All right. If you had sat down and held the chair, do you think you would have had the fall?

\*      \*      \*      \*      \*      \*

"A  Probably not."

The defendant retained an engineer who was qualified as an expert with respect to causation in "slip and fall" cases. This expert was called as a witness by Mrs. Hlavaty. The expert testified that his tests revealed that "the floor was slippery for leather heels", the type Mrs. Hlavaty was wearing. More specifically, the anti-slip coefficient of friction; i. e., the resistance of one object to move over the surface of another object, between the common type of leather heel and the floor was .22, which he testified was well below the recognized safe non-slippery coefficient of .40. He further testified that the chairs, which had metal or plastic tips—instead of non-skid rubber tips—on the ends of the legs, had a substandard coefficient of friction of between .19 and .25. He stated the significance of the test is that the chairs in the restaurant "slide easily" across the floor with very little force. Finally, the expert testified that a person whose heels and soles had a coefficient of friction of .22 in relation to the floor's surface would "[p]robably slip and fall" when such person is unaware of the slippery condition of the floor.

### WAS THE DIRECTED VERDICT PROPER?

■ A motion for directed verdict admits, for the purpose of the motion, the truth of any competent evidence in favor of the party against whom the motion is directed and any reasonable inference that can be drawn therefrom. E. L. Jones Construction Co. v. Noland, 105 Ariz. 446, 466 P.2d 740 (1970). This court has stated:

"The general rule is that statements either oral or written made by or attributable to a party to an action which tend to establish or disprove any material fact in the case constitute admission against interest and are competent evidence in the action. \* \* \*" Prophet v. S. H. Kress Company, 106 Ariz. 504, 505, 479 P.2d 167, 168 (1970).

■ We are not concerned herein with the duty owed to the plaintiff. Although defendant was not an insurer, he was required to exercise ordinary care to maintain the premises in a reasonably safe condition. Sherman v. Arno, 94 Ariz. 284, 383 P.2d 741 (1963). Neither are we concerned with the question of the breach of that duty. The testimony of the expert as to the condition of the floor was sufficient from which a jury could find that the defendant had failed to maintain the floor in a reasonably safe condition. We are concerned herein with causation:

"\* \* \* as in negligence cases generally, proof of proximate causation is an absolute prerequisite to the injured person's right to recover." Annotation, Slippery Floor—Injury, 63 A.L.R.2d 667.

■ We believe that there was sufficient evidence from which a jury could find that the condition of the floor was at least a proximate cause of the chair slipping out from under the plaintiff. We agree with a recent Court of Appeals decision:

"Appellee contends that the appellant failed to show that she fell because of the condition of the chair and that she just as easily could have fallen because of some other reason. The question of proximate cause is one of fact for the jury and is not a question of law for the court, if, upon all the facts and circumstances, there is a likelihood of the conclusions of reasonable men differing. Stearman v. Miranda, 97 Ariz. 55, 396 P.2d 622 (1964). We believe that reasonable men could infer from the testimony of the appellant and the bookkeeper that appellant fell because of the

condition of the chair." Downey v. Lackey, 11 Ariz.App. 528, 531, 466 P.2d 401, 404 (1970).

■ There being sufficient evidence from which the jury could find that the condition of the floor was a proximate cause of the accident, it was error for the trial court to direct a verdict in favor of the defendant at the close of plaintiff's case. The carelessness of Mrs. Hlavaty, if any, would be a matter of contributory negligence for the jury. Article 18, § 5, Arizona Constitution, A.R.S.; Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970).

## EVIDENCE OF THE ABSENCE OF SIMILAR ACCIDENTS

At the outset of the trial, the plaintiff made a motion in limine with respect to the admissibility of evidence relating to the absence of similar accidents on defendant's premises. After hearing arguments out of the jury's presence, the court denied the motion and allowed in the evidence.

■■ Under proper circumstances, evidence of prior accidents may be admissible to show (1) the existence of a defective or dangerous condition, or (2) to give notice on the part of the defendant. See Slow Development Company v. Coulter, 88 Ariz. 122, 353 P.2d 890 (1960). This court has held, however, that testimony concerning freedom from previous accidents is immaterial and inadmissible. Fox Tucson Theatres Corp. v. Lindsay, 47 Ariz. 388, 56 P.2d 183 (1936). See also Buchanan v. Green, 73 Ariz. 159, 238 P.2d 1107 (1951). In this case the evidence was offered to show lack of notice and we therefore hold it was error to admit testimony concerning the absence of similar accidents on defendant's premises.

Opinion of the Court of Appeals, 14 Ariz.App. 507, 484 P.2d 660 (1971) vacated.

Reversed and remanded for new trial.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.